THE STATE OF OHIO, APPELLANT, *v.* VAUGHN, APPELLEE.

(No. C-820662—Decided June 29, 1983.)

Mr. Simon L. Leis, Jr., prosecuting attorney, Mr. Leonard Kirschner and Mr. Daniel J. Breyer, for appellant.
Mr. James M. Carroll, for appellee.

BLACK, P.J. Defendant Adam A. Vaughn pleaded guilty as charged to possession of dangerous ordnance (a sawed-off shotgun) in violation of R.C. 2923.17, a felony of the fourth degree. This is a nonprobationable offense under R.C. 2951.02(F)(3) as interpreted by *State v. Carter* (1983), 3 Ohio St. 3d 15. After reviewing a presentence investigation report, the court declined to sentence defendant to a term of imprisonment but fined him $500. The fine was paid in full. We granted the state's motion for leave to appeal,[1] and its single assignment of error is that the trial court erred in failing to imprison defendant as required by law.

Defendant responds with two arguments: that a term of imprisonment is not mandated by Ohio law, and that since he has paid the fine, his Fifth Amendment rights against double jeopardy will be violated if the trial court's judgment entry is reversed and the case is remanded for resentencing. The second argument raises the same issue that is raised in *State v. Beasley,* Nos. C-790683 and C-820126, decided this same day. We are not persuaded by these arguments.

*First.* The Ohio law is clear that a person who pleads guilty to a felony must be imprisoned. R.C. 2929.11(A) reads:

"Whoever is convicted of or pleads guilty to a felony other than aggravated murder or murder, *shall* be imprisoned for an indefinite term and, in addition, *may* be fined or required to make restitution. The indefinite term of imprisonment shall consist of a maximum term as provided in this section and a minimum term fixed by the court as provided in this section. The fine and restitution shall be fixed by the court as provided in this section." (Emphasis added.)

The use of the word "shall," combined with the design and purpose of the sentencing statutes, demonstrates to us the legislature's intent to require the imposition of a prison sentence on felons (subject to provisions for probation, parole or furlough, under specific circumstances not relevant to this case). The legislature also provided for an additional penalty by way of fine, but this was left to the discretion of the sentencing judge, to be exercised within certain limitations not here pertinent. The permissive quality of the fine does not, in our judgment, detract from the mandatory quality of the imprisonment.

We note here the characteristic of the Ohio penalty statutes that allows but does not require the imposition of a fine; it is pertinent to the consideration of double jeopardy under defendant's second argument. This characteristic distinguishes the Ohio statutes from those sentencing provisions of other jurisdictions that require both imprisonment and fine, and it is similar in some respects to those that allow either imprisonment or fine or both.

*Second.* While the double jeopardy provisions protect against multiple punishments for the same offense, that protection does not prohibit the correction of a technically erroneous sentence. The defendant has a clearly recognized interest in the finality of a sentence imposed on him, but this interest must be balanced against society's interest in punishing the guilty as the law requires.[2]

---

[1] The Supreme Court has twice held that when the state claims error in sentencing, a writ of mandamus will not be issued to cause the sentencing judge to perform a mandatory duty, because the state has an adequate remedy in the ordinary course of the law: that is, to pursue its right to request appeal by leave under R.C. 2945.67(A). *State, ex rel. Leis,* v. *Outcalt* (1980), 62 Ohio St. 2d 331 [16 O.O.3d 392]; *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121 [16 O.O.3d 143]. An appeal by leave was granted to the state in *State* v. *Howell* (1981), 5 Ohio App. 3d 92.

[2] The balancing of these two conflicting interests is discussed in Westen, The Three Faces of Double Jeopardy: Reflections on Government Appeals of Criminal Sentences

It is clear that the Double Jeopardy Clause prohibits multiple punishments and that it protects state as well as federal defendants.

Mr. Justice Stewart said in *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 717:

"The Court has held today, in *Benton* v. *Maryland* * * * [(1969), 395 U.S. 784], that the Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment. That guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." (Footnotes omitted.)

The Supreme Court has held, however, that this "multiple punishment" protection is neither absolute nor unlimited. It does not prohibit the imposition of a more severe sentence after a defendant appealed his original conviction and won a reversal and new trial. *North Carolina* v. *Pearce, supra.* It does not prohibit a death sentence even though the original conviction was of first-degree murder and the original sentence was of life imprisonment rather than death. *Stroud* v. *United States* (1919), 251 U.S. 15.[3] Further, the double jeopardy protection is not violated by a statutory scheme

granting the government the right under specific conditions to appeal and seek to increase a sentence imposed on a convicted "dangerous special offender" because the government contends the sentence is too lenient. *United States* v. *DiFrancesco* (1980), 449 U.S. 117, 134. A sentence after conviction does not appear to have the finality that is granted to a jury acquittal.[4]

Finally, a sentence that was technically wrong because the court failed to comply with the clear, unequivocal directive of the legislative enactment can be corrected without running afoul of the Double Jeopardy Clause. In *Bozza* v. *United States* (1947), 330 U.S. 160, the Supreme Court upheld a corrective sentence that occurred as follows: the defendant was convicted of an offense (distilling spirits with intent to defraud the government of the tax thereon) carrying mandatory penalties of both fine and imprisonment; at the first sentencing, the court imposed imprisonment only; five hours later, the defendant was brought back before the court and the mandatory fine was imposed. The defendant was not subjected to two trials but only to the correction of a sentence that originally did not comply with the legislative directive. The *Bozza* case was cited with approval in *United States* v. *DiFrancesco,* 449 U.S. at 134, and at 145, fn. 4 (dissenting opinion), and by the Ohio Supreme Court in *State, ex rel. Cleveland,* v. *Calandra* (1980), 62

---

(1980), 78 Mich. L. Rev. 1001, 1033 *et seq.* [hereinafter cited as Westen], an analysis which we find persuasive.

[3] We note that in *Bullington* v. *Missouri* (1981), 451 U.S. 430, the Supreme Court held that the defendant is *not* subject to the death penalty on being retried after a successful appeal from the first trial, when the first jury fixed the punishment at life imprisonment under a state law that provided for a separate penalty hearing in a capital case to be held after a verdict of guilty, in which hearing the state and the defendant could offer evidence of

aggravating and mitigating circumstances so that the jury might choose between death and life imprisonment. This appears to be an exception to the general rule that allows an increased sentence upon retrial after defendant's successful appeal. It can be explained either by the Supreme Court's desire to limit the imposition of the death penalty or by the finality accorded to a criminal jury's final conclusion after an evidentiary hearing. The latter has been termed "the jury's prerogative to acquit against the evidence." Westen, *supra,* at 1012.

[4] Westen, *supra,* at 1033 *et seq.*

Ohio St. 2d 121, 122, note [16 O.O.3d 143]. Also, the Ohio Supreme Court upheld the action of a trial judge who vacated a fine imposed by a second judge and then imposed a greater fine on a defendant over whose trial the first judge had presided. The second judge had inadvertently imposed the lesser fine when the defendant was recaptured after forfeiting his bond, but the second judge had not been designated to perform the sentencing duties under Crim. R. 25(B). *Beatty* v. *Alston* (1975), 43 Ohio St. 2d 126 [72 O.O.2d 70], certiorari denied (1975), 423 U.S. 1000.[5] Admittedly, in *Bozza* the defendant had not served his full imprisonment and in *Beatty* the defendant had not paid the fine imposed in the first sentencing, but we do not believe that the payment of the fine in the instant case is so constitutionally significant as to cause a different result. We do not believe a defendant may prevent the correction of an erroneous sentence by paying a fine that is only a discretionary, additional penalty and thus prevent the imposition of the mandatory penalty. Under the Double Jeopardy Clause, a defendant has a shield against sentences that exceed the legislative enactment, but this cannot be used as a sword to cut down his penalty to less than that which the legislature has clearly and unmistakably imposed on the offense of which he stands guilty. The defendant's interest in the finality of his sentence is, in this instance, outweighed by society's interest in enforcing the law and meting out what has been duly designated as just desserts.

Defendant cites *Ex Parte Lange* (1873), 85 U.S. (18 Wall.) 163, called "the first and still foremost decision regarding double punishment."[6] (We also refer to *In re Bradley* [1943], 318 U.S. 50.) In *Lange,* the defendant was convicted of postal theft, an offense with a penalty of *either* imprisonment for not more than one year *or* a fine of not more than $200. The trial judge imposed *both.* The defendant immediately paid the fine in full and commenced serving the sentence. Five days later, the judge vacated the original sentence, imposed a new sentence of one year without credit for the five days then

---

[5] It is argued that the prosecution cannot succeed in this appeal because once a defendant's plea of guilty or no contest is accepted, he has been in jeopardy and any attempt to reconsider the case will place him twice in jeopardy. The argument is grounded on *State, ex rel. Leis,* v. *Gusweiler* (1981), 65 Ohio St. 2d 60 [19 O.O.3d 257], and *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380 [8 O.O.3d 393]. We are not persuaded. In each of the cited cases, the court was offered the defendant's plea of no contest to the charged offense, and after hearing further about the case, the court found the defendant guilty of a lesser offense. The prosecution objected on the ground that the court erred (in *Gusweiler,* because the plea admitted a rape under the indictment and Crim. R. 11(B)(2) will not allow a finding on any lesser offense; in *O'Connor,* because reckless driving is not a lesser included offense of driving under the influence of alcohol). In each case, the prosecution obtained a writ of mandamus from this court, and in each case, our judgment was reversed by the Supreme Court. We distinguish those cases from the instant case on the law. In each of those cases, the trial court's finding of guilty of the lesser offense, "included" or not, was implicit acquittal of the charged offense. The Supreme Court held that jeopardy attached upon acceptance of the no contest plea, that a final determination had been made holding defendant not guilty of the charged offense and guilty of the lesser offense, and that even though the trial court erred, a reconsideration would amount to double jeopardy. Mandamus, said the Supreme Court, will not issue to order a vain act. In the instant case, however, the claimed error is in sentencing and does not affect in any way the original conviction; the correction of the sentencing error will not cause a second prosecution for the same offense after acquittal. The question in the instant case is whether there is or will be multiple punishment for the same offense; we answer that question in the negative.

[6] Westen, *supra,* at 1048.

served, and made no provision for reimbursement of the fine. The Supreme Court held that the Double Jeopardy Clause had been violated, not only because the court imposed two penalties when the law prescribed only one, but also because the new sentence, being for one year without credit for the five days served, was a doubling of the first five days of imprisonment. The case is clearly distinguishable on the facts from the instant case, wherein a reversal and remand for resentencing will do no more than permit the trial court to carry out its duty to comply with the clear and unmistakable command of the law.

The single assignment of error has merit. We vacate that part of the final judgment appealed from that imposed only a fine, without disturbing the acceptance of defendant's plea of guilty or the conclusion that he was guilty as charged, and remand this case for sentencing in accordance with the law.

*Judgment accordingly.*

DOAN and KLUSMEIER, JJ., concur.