The **STATE** of Ohio, Appellant,

v.

**HILL,** Appellee.

[Cite as *State v. Hill* (1991), 72 Ohio App.3d 233.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59797.

Decided Jan. 22, 1991.

234

*John T. Corrigan,* Prosecuting Attorney, and *Michael J. Russo,* Assistant Prosecuting Attorney, for appellant.

---

*Per Curiam.*

Defendant, Tracy L. Hill, pled guilty to the charge of passing a bad check, in violation of R.C. 2913.11. Since the amount involved was for payment of three hundred dollars or more but less than five thousand dollars, it was a felony of the fourth degree. R.C. 2913.11(C). The trial court sentenced defendant to pay two hundred dollars and costs.

The state of Ohio's motion for leave to appeal was granted by this court. The state assigns the following error:

"The trial court erred by failing to sentence the defendant to a term of imprisonment upon a conviction for a fourth degree felony as required by law."

The state's assignment of error is well taken. The penalty for defendant's offense is a term of imprisonment for six months, one year or eighteen months pursuant to R.C. 2929.11(A) and (D)(2). A fine or restitution may also be required. R.C. 2929.11(D). Ohio law mandates that a person who is convicted of a felony shall be imprisoned, subject to specific circumstances such as probation or parole. *State v. Vaughn* (1983), 10 Ohio App.3d 314, 10 OBR 520, 462 N.E.2d 444. See, also, R.C. 2951.02.

"Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 512, 471 N.E.2d 774, 775. The sentence in the present case disregarded the statutory requirements and thus is null and void.

The trial court is ordered to have the defendant present at the time of resentencing. Crim.R. 43(A) specifically requires that the defendant be present at every stage of the proceedings, including the imposition of sentence, and this applies where one sentence is vacated and a new sentence

imposed. *Columbus v. Rowland* (1981), 2 Ohio App.3d 144, 2 OBR 158, 440 N.E.2d 1365.

*Sentence vacated*
*and cause remanded.*

KRUPANSKY, P.J., DYKE and JOHN F. CORRIGAN, JJ., concur.