**The STATE of Ohio, Appellee,**

v.

**WADDELL, Appellant.**

[Cite as *State v. Waddell* (1995), 106 Ohio App.3d 600.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 94CA855.

Decided Sept. 28, 1995.

*Fred J. Beery,* Hillsboro Law Director, for appellee.

*Jeffrey J. Hoskins,* for appellant.

KLINE, Judge.

This is an appeal from two judgment entries entered by the Highland County Municipal Court on August 25, 1994. The appellant, Gina M. Waddell, was charged with two offenses. She was found guilty and sentenced on August 5, 1994 by a temporary acting judge[1] instead of the permanent elected resident judge. The resident judge later returned to work and on August 25, 1994 resentenced appellant on the same two charges. The new sentence was more severe than the original sentence. The resident judge stated he was correcting two prior sentences imposed by the acting judge. Appellant timely appeals and assigns the following two errors:

1. "THE trial court erred, to the prejudice of the appellant, by passing upon her a sentence of three days in jail and then after the appellant had served her time of incarceration the court, on its own then re-sentenced the appellant to an additional 10 days in jail."

2. "The trial court erred, to the prejudice of the appellant, by completely ignoring the appellant's original sentence, after complete execution of same, and proceeded to re-sentence the appellant to a more severe sentence on its own, rather than through the filing of an appeal by the state, a motion by the state, a nuc [*sic*] pro tunc entry or by an agreed entry."

The state of Ohio, appellee, charged the appellant with, *inter alia*, DUI (driving under the influence) and DUS (driving under suspension). The DUI charge did not contain language indicating whether the appellant had prior DUI offenses.[2] The DUS charge did not contain any language indicating the reason appellant's license had been suspended.[3]

At her arraignment, appellant requested an attorney but proceeded to enter guilty pleas to the DUI and DUS charges. At no time during the arraignment did the resident trial judge explain to appellant the minimum and maximum

---

1. The Highland County Municipal Court has only one judge. A properly appointed acting judge was conducting court in place of the absent resident judge.

2. A DUI conviction, first offense, has a minimum three-day jail term. A DUI conviction, second offense, has a minimum ten-day jail term.

 Under R.C. 4511.99(A)(3) "the prior offense affects only the penalty, it is not an essential element of the subsequent offense, but strictly a sentencing consideration for the court." *State v. Allen* (1987), 29 Ohio St.3d 53, 55, 29 OBR 436, 438, 506 N.E.2d 199, 201. Apparently the Hillsboro ordinance appellant was charged with violating is similar to the Ohio Revised Code. Therefore, a prior DUI conviction did not have to be included in the charge.

3. Appellant was charged with violating R.C. 4507.02. One sentence option for anyone convicted of violating R.C. 4507.02(D)(2), as opposed to R.C. 4507.02, is a term of imprisonment of not less than three consecutive days.

sentence for each offense. After hearing the pleas, the judge stated that "this is your second violation of driving under the influence this year * * *." The record shows that this oral statement was not reduced to a written finding. Moreover, the record shows no oral or written findings of guilty from this hearing. The trial court deferred sentencing so that the appellant could consult with an attorney and resolve all of the remaining cases.

Appellant appeared in the trial court with counsel on August 5, 1994. Appellant and the state presented a plea agreement to an acting judge. The plea agreement resolved all pending cases against appellant and included a recommended sentence for the DUI and DUS. Three days in jail for the DUI (as opposed to ten days in jail) was a key part of the agreement. The attorneys stated the following on the record at the August 5, 1994 hearing:

"[FOR APPELLANT]: The bottom line is that she was to do the three days.

"[STATE]: If she wants to do the three days, or she can serve three days.

"[FOR APPELLANT]: You don't have any objection to her commencing those three days next week, do you?

"[STATE]: No. No. Any time within the next sixty days."

The acting judge orally reviewed the plea agreement. He said that "[t]here's been a recommendation that you receive the standard statutory first offense minimum sentence * * *." Although the acting judge later questioned why the DUI was not charged as a second offense, he treated it as a first offense without an objection from the appellant or the state.

The acting judge sentenced the appellant on the DUI charge to one hundred eighty days in jail with one hundred seventy-seven days suspended if the appellant complied with certain conditions. He then sentenced the appellant on the DUS charge to one hundred eighty days in jail with one hundred eighty days suspended provided the appellant complied with certain conditions. The record shows that these sentences were reduced to writing and filed. These two judgment entries also showed findings of guilty for the DUI and DUS offenses. The entries further showed a finding that the DUI was a "(1st) Offense." Therefore, the minimum jail term was three days. There was no finding that the DUS conviction violated R.C. 4507.02(D)(2). Therefore, there was no minimum jail term that was required. The acting judge ordered that the DUS sentence run concurrent with the DUI sentence. The appellant served her three days in jail for the DUI offense on August 15, 16, and 17.

The resident judge returned and set this case for a hearing on August 25, 1994 to review the August 5, 1994 sentences. Over the objection of appellant, the resident judge said that the sentences needed to be corrected and then resentenced the appellant. The new sentence included one hundred eighty days in jail

for the DUI. The judge suspended one hundred seventy days and did not credit the appellant for the three days served. He said that this was the minimum sentence allowed under the law for a second offense. The new sentence also included one hundred eighty days in jail for the DUS. The judge suspended one hundred seventy-seven days and credited her with the three days she spent in jail on August 15, 16, and 17. The trial court reduced these sentences to written judgment entries and filed them. The DUI sentence included language that it was a "2nd offense." Therefore, the minimum sentence was a ten-day jail term. The DUS sentence included language that it was a "DUS for DUI." Therefore, the minimum sentence was a three-day jail term since this would be an R.C. 4507.02(D)(2) violation. Appellant appeals these August 25, 1994 judgment entries.

▮ In both of appellant's assignments of error, the crux of her argument is that the Double Jeopardy Clause of the United States Constitution prohibits resentencing in the case *sub judice.* Appellant maintains that she served her original sentence, and the resident judge cannot give her a second sentence more severe than the first sentence. Appellant contends that the Double Jeopardy Clause prohibits these multiple punishments. It is therefore incumbent upon this court to examine the doctrine of double jeopardy, and in doing so, we conduct a *de novo* review of the applicable law.

▮ The Double Jeopardy Clause safeguards a defendant's right to finality for an acquittal and precludes multiple punishments for the same conviction. *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 119, 30 OBR 218, 218–219, 506 N.E.2d 936, 937–938, citing *Benton v. Maryland* (1969), 395 U.S. 784, 795–796, 89 S.Ct. 2056, 2063–2064, 23 L.Ed.2d 707, 716–717. The Ohio Supreme Court stated that a trial court "has no authority to reconsider its own valid final judgments in criminal cases." *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324, 1326, citing *Necak, supra,* paragraph three of the syllabus. However, sentences do not have the qualities of finality that acquittals do. *United States v. DiFrancesco* (1980), 449 U.S. 117, 134, 101 S.Ct. 426, 435–436, 66 L.Ed.2d 328, 344. For example, a resentencing that imposes a more severe sentence to correct an omitted mandatory penalty does not violate the Double Jeopardy Clause. *Bozza v. United States* (1947), 330 U.S. 160, 166–167, 67 S.Ct. 645, 648–649, 91 L.Ed. 818, 821–822; *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774.

In the case *sub judice,* we must determine if the August 5, 1994 judgment entries are valid final judgments pursuant to *Reed* and *Necak, supra.* However, to do so we must first examine the findings of the court before the August 5, 1994 sentencing.

It is axiomatic that "[i]n Ohio a court speaks through its journal." *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183, 184. Therefore, we must look to the written journal entries to determine the trial court's findings. The August 5, 1994 entries show that the acting judge found that (1) appellant was guilty of DUI and DUS, and (2) the DUI was a first offense. Furthermore, the acting judge made no finding that the DUS violated R.C. 4507.02(D)(2). These August 5, 1994 journal entries did not change any prior findings of the resident judge.[4]

Based on the above findings, the acting judge pronounced sentence for each offense. A review of the applicable sentencing law shows that the sentences were within the proper minimum and maximum limits of the law. Therefore, the August 5, 1994 judgment entries were valid final judgments pursuant to *Reed* and *Necak.* Since the sentences were proper and did not require correction, the *Bozza* and *Beasley* cases are inapplicable. Appellant's right to expect finality prevented the presiding judge's action. See *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 268, 7 OBR 347, 348–349, 455 N.E.2d 519, 521–522. Even if the acting judge made certain findings based on misinformation, the original sentences were still lawful. *Necak,* 30 Ohio App.3d at 120, 30 OBR at 220, 506 N.E.2d at 938–939. Therefore, we find that double jeopardy attaches. Accordingly, because no correction was necessary, the resident judge was without authority to reconsider on August 25, 1994 the valid final judgments of August 5, 1994.

Based on these reasons, this court sustains the appellant's assignments of error. Therefore, we vacate the trial court's new sentences entered on August 25, 1994 and reinstate its original August 5, 1994 sentences.

*Judgment accordingly.*

HARSHA and STEPHENSON, JJ., concur.

---

**4.** The resident judge did say at appellant's arraignment that the DUI was a second offense. However, this oral statement was not reduced to writing until August 25, 1994.