**CITY OF MANSFIELD, Appellee,**

v.

**HOUT, Appellant.**

[Cite as *Mansfield v. Hout* (1996), 116 Ohio App.3d 497.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 95CA89.

Decided Dec. 23, 1996.

*Robert Konstam*, for appellee.

*Philip Alan B. Mayer*, for appellant.

Gwin, Presiding Judge.

Defendant Jack A. Hout appeals a judgment of the Mansfield Municipal Court of Richland County, Ohio, convicting and sentencing him for driving under the influence of alcohol in violation of the Mansfield Codified Ordinances 333.01(a)(1) and (a)(3), after appellant changed his plea from not guilty to no contest. Appellant assigns a single error to the trial court:

"The trial court erred when it proceed[ed] to rearraign defendant/appellant over defendant/appellant's objection that such restitution of criminal proceedings constituted double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution and by further reason the trial court had no inherent authority to increase a lawful sentence."

The record indicates appellant was arrested on August 7, 1995. He was served with a summons and appeared in the Mansfield Municipal Court on August 8, 1995. On that date, he pled no contest and was sentenced to ten days in the Richland County Jail, a $500 fine, and a six-month driver's license suspension. The magistrate then suspended the ten-day jail sentence upon successful completion of the three-day alcohol intervention school program and one year probation. Appellant paid his fine and costs on that same day, and scheduled an appointment to attend the three-day alcohol intervention program. The parties appear to agree this is somewhat standard in a first offense conviction.

Later that same day, however, it came to the attention of the administrative judge of the court that appellant had been sentenced as a first time offender when in fact the charge constituted his second offense. For this reason, the court ordered defendant to reappear on August 9, 1995, in order to be advised as to the mandatory sentence for a second offense. On August 9, 1995, appellant did reappear, and was given the opportunity to withdraw his plea of no contest or to retain his no contest plea and have his sentence changed to a more severe one. Appellant withdrew his no contest plea, entered a plea of not guilty, and challenged the court's rearraignment on the issue of double jeopardy. The court accepted the appellant's not guilty plea, ordered his entire fine and cost refunded, and overruled his motion to dismiss. On October 11, 1995, appellant pled no contest and was found guilty. The court imposed a sentence of sixty days in jail, with fifty-five days suspended on the condition that he successfully complete eighteen days of home incarceration. The court imposed a $500 fine, suspended his license for twelve months, immobilized his vehicle for sixty days, and ordered appellant to complete an alcohol assessment. The trial court stayed the jail sentence but not the payment of the fine and costs pending appeal to this court.

Appellant asserts that the trial court lacked authority to rearraign him or to permit the city of Mansfield to reprosecute him after he was duly convicted and sentenced on the identical offense and had paid his fine and costs.

Appellant cites *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 30 OBR 218, 506 N.E.2d 936, wherein the Court of Appeals for Cuyahoga County reviewed a similar situation in which a trial court had "recalled" the accused to "reconsider" its previous sentence. Before imposing the original sentence, the trial court had reviewed a presentence report, but defense counsel had apparently given the court incorrect information regarding a prior conviction. Six weeks later, when the court learned it had been misinformed, it vacated the previous sentence and sentenced the defendant to a higher penalty. The court of appeals found that a court may correct a legally improper sentence even if the result imposes greater penalties. Resentencing to impose an omitted mandatory penalty does not violate double jeopardy restraints. *Id.* at 119–120, 30 OBR at 218–220, 506 N.E.2d at 938. The court found however, that a trial court may not modify a legally proper sentence without statutory authority after the accused has begun to serve part of the jail term, because a defendant has a right to expect finality. *Id.*

In turn, the city of Mansfield cites *State v. Vaughn* (1983), 10 Ohio App.3d 314, 10 OBR 520, 462 N.E.2d 444, where the Court of Appeals for Hamilton County held that double jeopardy does not prohibit correction of a technically erroneous sentence, nor does the payment of a fine prevent the vacation of an original sentence and imposition of a mandatory term of imprisonment. In *Vaughn*, the appellant was convicted of a nonprobationable offense, but the court only imposed a fine and did not sentence the defendant to a term of imprisonment. The *Vaughn* court noted that although a defendant has a clearly recognized interest in the finality of a sentence imposed, the interest must be balanced with society's interest in punishing the guilty as required by law. *Id.* at 315, 10 OBR at 520–521, 462 N.E.2d at 445–446.

*Vaughn* can be distinguished from *Necak* because in *Vaughn*, the trial court was aware of the nature of the offense when it accepted the plea, but made an error in not imposing the correct sentence for the offense. Here, as in *Necak*, the court was misinformed as to the defendant's prior record, but entered a sentence that was correct for the offense of which the court found the accused guilty. In other words, the court here found the appellant guilty of a first offense and sentenced him accordingly. This was not a sentencing error, but rather, an error in the nature of the offense. We find the case at bar to be more similar to *Necak* than *Vaughn*, and we conclude that the principles of double jeopardy prohibit the court's action in rearraigning the appellant on the identical offense.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Mansfield Municipal Court of Richland County, Ohio, is reversed, and the sentence is vacated. Pursuant to

App.R. 12, we instate the original sentence as imposed on August 8, 1995. This cause is remanded to the trial court for execution of sentence.

*Judgment accordingly.*

FARMER and JOHN W. WISE, JJ., concur.