**The STATE of Ohio, Appellee,**

v.

**SAWICKI, Appellant.**

[Cite as *State v. Sawicki* (1998), 128 Ohio App.3d 585.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 97CA006819.

Decided June 24, 1998.

586

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa Milasky,* Assistant Prosecuting Attorney, for appellee.

*James J. Paterson,* for appellant.

REECE, Judge.

Appellant David Sawicki appeals from the judgment and sentence of the Lorain County Court of Common Pleas.

On November 10, 1996, while serving a sentence for commission of a first-degree felony at the Grafton Prison Farm, Sawicki left the prison grounds without permission and failed to return. Several days later, Sawicki surrendered to authorities. On November 20, 1996, the Lorain County Grand Jury indicted Sawicki on one count of escape, a felony of the third degree, in violation of R.C. 2921.34(A). Sawicki entered a plea of guilty to the indictment on December 23, 1996. After Sawicki waived his right to a presentence investigation, the trial

court immediately sentenced him to one year of incarceration, to run consecutively with the term he was serving at the time of his escape.

On December 31, 1996, the Grafton Correctional Institution sent a letter to the trial court, requesting corrected commitment papers for Sawicki and pointing out an error in the sentence imposed by the trial court. The letter explained that, because Sawicki was serving a sentence for a first-degree felony when he escaped, his escape qualified as a felony of the second degree and Senate Bill No. 2 called for a longer sentence than the one imposed by the trial court. The Ohio Department of Rehabilitation and Correction sent a letter to the trial court, echoing this request for a corrected sentence on March 7, 1997.

At a hearing on April 14, 1997, the trial court vacated Sawicki's December 23, 1996 guilty plea and sentence and set the matter for trial. The state then moved the trial court to amend the indictment to read that, at the time of escape, Sawicki "was under detention for a felony of the First, Second or Third degree and that the degree of felony [in the escape indictment] should be a Second Degree Felony." The trial court granted the motion over Sawicki's objection. On May 23, 1997, Sawicki pleaded no contest to escape, a second-degree felony, as set forth in the amended indictment. The trial court then sentenced him to two years' incarceration, to be served consecutively with the sentence he was serving at the time of his escape. Sawicki timely filed the instant appeal.

Sawicki asserts the following assignment of error for our review:

"The trial court erred in permitting the state to amend the indictment pursuant to Criminal Rule 7, after the imposition of a valid sentence, and by subsequently resentencing [Sawicki] for a greater offense, in violation of [Sawicki's] right not to be twice placed in jeopardy for the same offense as guaranteed by the Fifth Amendment to the Constitution of the United States and Article I, Section 10 of the Ohio Constitution."

In his sole assignment of error, Sawicki maintains that the Double Jeopardy Clauses of the Ohio and United States Constitutions prohibit resentencing in this case. The assignment of error is well taken.

"The Double Jeopardy Clause safeguards a defendant's right to finality for an acquittal and precludes multiple punishments for the same conviction." *State v. Waddell* (19956), 106 Ohio App.3d 600, 603, 666 N.E.2d 649, 651. A sentence does not share the quality of finality that attends an acquittal. *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 119, 30 OBR 218, 218–219, 506 N.E.2d 936, 937–938. A trial court may correct a legally improper sentence, even if a greater penalty is imposed upon resentencing. *Id.* at 119–120, 30 OBR at 218–220, 506 N.E.2d at 937–939. For example, a trial court does not violate the Double Jeopardy Clause when it resentences to correct an omitted mandatory

penalty. *Waddell, supra,* at 603, 666 N.E.2d at 651. However, the Double Jeopardy Clause precludes a trial court from modifying a legally proper sentence. *Id.* at 604, 666 N.E.2d at 651–652.[1]

In the instant case, the trial court imposed a lawful sentence upon Sawicki for third-degree felony escape, the crime for which he was indicted. Thus, the error occurred in the nature of the offense charged, rather than in the sentencing. Sawicki was properly sentenced for the crime charged. See *Mansfield v. Hout* (1996), 116 Ohio App.3d 497, 499, 688 N.E.2d 580, 581–582. Thus, we find that resentencing constituted a second punishment and therefore violated Sawicki's right to be free from double jeopardy.

Accordingly, Sawicki's single assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the sentence is vacated. Pursuant to App.R. 12(A)(1)(a), we reinstate the original sentence as imposed on December 23, 1996. This cause is remanded to the trial court for execution of sentence.

*Judgment accordingly.*

SLABY, P.J., and QUILLIN, J., concur.

---

1. A mistake in the trial court's understanding regarding some aspect of the case does not permit the trial court to correct a legally proper sentence. See *Waddell, supra; Necak, supra.* In *Waddell,* an acting judge in the trial court sentenced a defendant on a DUI conviction, unaware it was the defendant's second offense. When the presiding judge returned to the trial court, he resentenced the defendant according to guidelines for a second offense. The court of appeals reversed the second sentence because, even though the acting judge made certain findings based upon misinformation, the sentence imposed was lawful for the crime charged and, thus, correction was not required and resentencing violated the defendant's double jeopardy guarantees. Similarly, in *Necak,* the court of appeals found that the trial court was precluded from resentencing a defendant when it learned that the defendant had previously been convicted of another alcohol-related offense, because the trial court had lawfully sentenced the defendant for the crime for which he was indicted.