Pursuant to leave to file a delayed appeal under App. R. 5(A), defendant, Gerald B. Jones, Jr., appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of felonious assault in violation of R.C. 2903.11, and having a weapon while under disability in violation of R.C. 2923.13, each with a firearm specification. Because the trial court erred in its sentencing procedures, we reverse.
Premised on a twelve-count indictment, a jury on November 16, 1995, found defendant guilty of felonious assault and having a weapon while under disability, each with a firearm specification. The court sentenced defendant, imposing the following sentences in open court:
 "On the weapon under disability * * * [t]he sentence on that is three to five years plus three years actual [incarceration] because it's a weapon.
 "He gets eight to 15 on the felonious assault * * *
 "As far as the additional request for an additional three years * * * for the firearm in that, I'm not going to say that the firearm gets an additional three years twice. I think the firearm getting three years ought to come under the weapon under disability charge. Three years plus three for the firearm, he gets 8 to 15 on the felonious assault." (Tr. 352- 353.)
The court did not articulate that the sentences for the two offenses were to be served consecutively.
By contrast, the court's December 28, 1995 judgment entry sentenced defendant to eight to fifteen years incarceration for felonious assault, with an additional three years actual incarceration for the firearm specification on that offense. Finding that a separate animus existed for the weapon under disability offense, the trial court sentenced defendant to eighteen months incarceration for that offense and an additional three years actual incarceration for the second firearm specification. The court further indicated that the sentences for each count were to be served consecutively. The court issued an amended entry on February 13, 1996, retaining the sentences from its written entry of December 28, 1995 and ordering that a nolle prosequi be entered on six counts of the indictment.
Defendant appeals, assigning the following errors:
 "ASSIGNMENT OF ERROR NUMBER ONE: THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY RECORD AND JOURNALIZE THE SENTENCE IT IMPOSED UPON THE DEFENDANT DURING THE ORAL PRONOUNCEMENT OF SENTENCE.
 "ASSIGNMENT OF ERROR NUMBER TWO: THE TRIAL COURT ERRED WHEN IT IMPOSED SEPARATE THREE-YEAR TERMS OF ACTUAL INCARCERATION FOR FIREARM SPECIFICATIONS WHEN THE UNDERLYING FELONIES WERE COMMITTED AS PART OF THE SAME TRANSACTION."
Defendant correctly asserts in his first assignment of error that the sentences articulated in open court differ from the sentences journalized in the trial court's entries. Former R.C.2929.41(B), effective at the time of the sentencing hearing, required a sentence of imprisonment to be served concurrently with any other sentence of imprisonment unless, among other circumstances not applicable here, the court specified at the sentencing hearing that the sentences were to be served consecutively. Because the trial court in open court did not specify that the sentences were to be served consecutively, the sentences articulated at the oral sentencing hearing vary from the sentences set forth by the judgment entries. Similarity, although the trial court told defendant at the sentencing hearing it was imposing one three-year term of actual incarceration, the judgment entries sentence defendant to two periods of actual incarceration.
Crim.R. 43(A) gives a defendant the right to be present when sentence is imposed, including re-sentencing if the court determines prior to journalizing the sentence that the sentence should be changed. State v. Cornette (Jan. 25, 1990), Franklin App. No. 89AP-717, unreported (1990 Opinions 252) (citing Statev. Jones (Dec. 1, 1987), Franklin App. No. 87AP-344, unreported (1987 Opinions 2859). Because defendant was not present when the court imposed consecutive sentences and an additional period of actual incarceration in its judgment entries, the court's written modification of the sentences pronounced in open court constitutes reversible error. Id.; State v. Sims
(Feb. 20, 1997), Franklin App. No. 96APA05-676, unreported (1997 Opinions 417), appeal not allowed (1997), 79 Ohio St.3d 1417.
While the state concedes the error, it argues that the error is corrected by remanding the case to the trial court for a new sentencing hearing. Defendant instead contends that this court should vacate the amended sentencing entry and order the trial court to impose sentence in accordance with the oral pronouncement of sentence. The issue thus resolves to determining the proper remedy.
A trial court may change the terms of a sentence at any time before the sentence is journalized, provided the court conducts a sentencing hearing in defendant's presence as contemplated by Crim.R. 43(A). Cornette, supra; Jones, supra. Moreover, because "a court of record speaks only through its journal * * * no action of the court can be regarded as a decision or judgment until it is reduced to writing and filed with the clerk for journalization." State v. Law (Dec. 20, 1994), Franklin App. No. 94APA06-832, unreported (1994 Opinions 5982), citing Stateex rel. Indus. Comm. v. Day (1940), 136 Ohio St. 477 and Krasnyv. Metropolitan Life Ins. Co. (1944), 143 Ohio St. 284. Where, as here, the trial court modifies in defendant's absence a sentence articulated in open court before journalizing the sentence, a judgment entry reflecting the modification is invalid. See State v. Carpenter (Oct. 9, 1996), Hamilton App. No. C-950889, unreported. Thus, a variance between the sentence pronounced in open court and the sentence imposed by the court's judgment entry requires a remand for sentencing, but not necessarily the sentence originally stated in open court.Cornette, supra. See, e.g., Jones, supra; Carpenter, supra;State v. Heath (Sept. 30, 1997), Lucas App. No. L-97-1099), unreported; State v. Klopp (July 29, 1993), Cuyahoga App. No. 63243, unreported. But see State v. Bell (1990), 70 Ohio App.3d 765,772-774.
Although the issue was neither briefed nor assigned as error, at oral argument an issue arose concerning the trial court's authority to modify defendant's sentences after defendant started serving them, albeit pursuant to an invalid judgment entry. Generally, a court may not modify or increase a sentence after a defendant has begun serving it, as the modification constitutes double jeopardy. State v. Nye (June 4, 1996), Franklin App. No. 95APA11-1490, unreported (1996 Opinions 2112) (citation omitted). A trial court "has no authority to reconsider its own valid final judgments in criminal cases."State ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597, 599; see, also, State v. Waddell (1995), 106 Ohio App.3d 600, 603
(applying Hansen in a resentencing case). Here, however, no valid final judgment exists effectuating the imposition of sentence. Because the original judgment entry was invalid, the court retains discretion to modify the sentence on remand, although it need not do so. See, generally, Beatty v. Alston
(1975), 43 Ohio St.2d 126, 128-130, certiorari denied (1975),432 U.S. 1000 (discussing double jeopardy principles relating to resentencing as a form of "multiple punishments").
Accordingly, defendant's first assignment of error is sustained to the extent indicated, and the matter is remanded for a new sentencing hearing in accordance with Crim.R. 43.
Defendant's second assignment of error asserts that the trial court erred in imposing two separate three-year terms of actual incarceration for the firearm specifications involved in his convictions. While the argument may be moot due to the disposition of defendant's first assignment of error, we address defendant's argument because it bears directly on the sentencing proceedings on remand.
R.C. 2929.71(B), the relevant statute at the time of sentencing, indicates that when an offender is convicted of two or more felonies and two or more firearm specifications, each three-year term of actual incarceration imposed shall be served consecutively with, and prior to, the indefinite terms of imprisonment "unless any of the felonies were committed as part of the same act or transaction." If the felonies were part of the same act or transaction, the statute directs the sentencing court to impose only one three-year term of actual incarceration. Defendant maintains that the two offenses for which he was convicted were part of the same transaction, and the trial court's imposition of two separate terms of actual incarceration thus violated R.C. 2929.71 (B).
A "transaction" for the purposes of R.C. 2929.71(B) is "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." State v.Ayala (1996), 111 Ohio App.3d 627, 631, appeal not allowed (1996), 75 Ohio St.3d 1508, and appeal dismissed (1996),76 Ohio St.3d 1418 (quoting State v. Willis (1994), 69 Ohio St.3d 690). Here, to support the imposition of two periods of actual incarceration the prosecution had to set forth sufficient evidence that the two felonies occurred in separate transactions. See State v. Thomas (Mar. 26, 1996), Franklin App. No. 95APA08-984, unreported (1996 Opinions 1115).
Linda Armstrong presented the prosecution's only evidence relating to defendant's separate possession of the weapon used to commit felonious assault. Armstrong testified that defendant entered her house when she opened the door to admit Lamon Booker and her two grandchildren. She contended that defendant brought the weapon into the house with him, although she conceded that she did not see the weapon until after defendant discharged a bullet into the stairwell on his way up the stairs to the bedroom, where the victim, Leslie Wooden, was located. Wooden testified that after she heard the gunshot from the stairwell, defendant came upstairs into the bedroom, threatened her and the children, and struck her head repeatedly with the gun. Sergeant Horton-Alomar testified on cross-examination that the weapon was not recovered.
The state's evidence thus demonstrates that defendant's possession of a weapon while under disability and commission of felonious assault were bound together by time and space, both crimes having been committed in a continuous time sequence and in close proximity, inside the dwelling. Likewise, the offenses were bound together by a common purpose and directed toward a single objective, namely, assaulting Leslie Wooden. The prosecution points to no evidence that the offenses were committed separately, other than the fact that the elements of having a weapon while under disability were present prior to the commission of the felonious assault. While that fact may establish that the crimes were committed as separate acts under R.C. 2941.25, it is insufficient in this case to establish that the offenses occurred in separate transactions under R.C.2929.71. See, e.g., State v. Crawford (Feb. 6, 1986), Franklin App. No. 85AP-324, unreported (1986 Opinions 175) (holding aggravated robbery followed by felonious assault occurred during same transaction); State v. Demons (Sept. 29, 1988), Franklin App. No. 88AP-251, unreported (1988 Opinions 3609) (holding felonious assault, followed by aggravated robbery of different victims occurred during same transaction); State v.Dixon (May 16, 1989), Franklin App. No. 88AP-558, unreported (1989 Opinions 1625) (holding aggravated burglary, followed by aggravated robbery, followed by kidnapping all occurred during same transaction); Thomas, supra (holding felonious assault and having weapon while under disability occurred during same transaction). Because R.C. 2929.71(B) permits only one term of actual incarceration when the felonies were committed as part of the same act or transaction, the prosecution's argument is unpersuasive. The trial court erred in imposing two separate terms of actual incarceration for felonies that occurred during the same transaction.
Accordingly, defendant's second assignment of error is sustained.
Having sustained both of defendant's assignments of error to the extent indicated, we affirm the judgment of conviction of the Franklin County Court of Common Pleas, but reverse that portion of the judgment imposing the sentence. The case is remanded to the trial court for a sentencing hearing and the imposition of sentence in accordance with this opinion.
Judgment affirmed in part; case remanded with instruction.
LAZARUS, P.J., and KENNEDY, J., concur.