OPINION
Defendant-appellant Steven R. Miller appeals from the February 5, 1999, Judgment Entry of the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 31, 1996, the Tuscarawas County Grand Jury indicted appellant on one count of robbery in violation of R.C. 2911.02, a felony of the third degree. At his arraignment on January 28, 1997, appellant entered a plea of not guilty to the charge contained in the indictment. A Judgment Entry memorializing appellant's not guilty plea was filed on January 30, 1997. Thereafter, appellant, on June 25, 1998, pleaded guilty to the charge of robbery as set forth in the indictment. At the plea hearing, the trial court, in accepting appellant's plea, advised appellant that "punishment for a violation of a felony of the third degree is potential term of incarceration of either one year, two years, three, four or five years and a fine of not more than $10,000.00. . . Understand that those are definite sentences, that is it is not a one to five but it's a specific sentence, one, two, three, four, five years." Transcript of June 25, 1998 Proceeding at 5. The trial court also advised appellant that since there was no mandatory incarceration in appellant's case, the trial court had the option of imposing community control sanctions on appellant and that if appellant violated the terms or conditions of a community control sanction, "the Court may extend the time for which you're subject to this sanction up to a maximum of five years or imposing a more restrictive sanction or imprison you for up to the maximum stated term allowed for any offense as set out above." (Emphasis added.) Transcript of June 25, 1998 Proceedings at 7. An Acknowledgment of Guilty Plea signed by appellant, which was filed on June 25, 1998, provides in relevant part as follows: "I further understand and acknowledge that the punishment for a violation of section 2911.02(A)(3), a felony of the third degree, is a term of incarceration of 1, 2, 3, 4, or 5 years and/or a fine not more than $10,000.00. . . . If this Court is not required by law to impose a prison sanction, it may impose community control sanctions and non-prison sanctions upon me. I understand that if I violate the terms or conditions of a community control sanction, the Court may extend the time for which I am subject to this sanction up to a maximum of five (5) years or impose a more restrictive sanction or imprison me for up to the maximum stated term allowed for any event as set out above." A Judgment Entry memorializing appellant's guilty plea was filed on June 26, 1998. At the sentencing hearing on August 13, 1998, appellant was placed on community control for a period of five years on specified terms and conditions. One of the terms and conditions of community control contained in the August 14, 1998, Judgment Entry on Sentencing was that appellant participate in and successfully complete the Stark Regional Community Corrections Center (S.R.C.C.C.) Program. Appellant was further advised by the trial court at the August 13, 1998, sentencing hearing as follows: "Sixty days. You'll be in [jail] another 30 days and then at that time I will refer you to Stark Regional Community Corrections Center. There you will complete the program and let me indicate to you that if you don't accept that program, if you don't complete the program you're looking at the maximum term here. So if you want some intensive and this is long term because the period of community sanctions including following SRCCC and their follow-up and then referral to intensive supervision, it's not going to be easy. I mean you're going to be required to do what you're supposed to be doing number one, but you'll have a lot of people looking over your shoulder and they will demand very good performance from you, because otherwise if you do not understand the alternative is prison. So you know there are no surprises later." Transcript of August 13, 1998, sentencing hearing at 5.
On November 24, 1998, a Motion to Revoke Probation was filed by the Tuscarawas County Community Corrections Department. The motion alleged, in part, that appellant had failed to successfully complete the S.R.C.C.C. Program. At a hearing held on January 6, 1999, on the Motion to Revoke Probation, appellant admitted in open court that he had failed to complete the S.R.C.C.C. Program as previously ordered. The trial court, therefore, found appellant guilty of violating his community control. Thereafter, appellant, on January 11, 1999, filed a "Brief in Support of No Prison Sentence". Appellant specifically argued that no prison term could be imposed by the trial court since no prison term was imposed at the time of the original sentencing on August 13, 1998, "nor was there any mention of a possible prison sentence in the Judgment Entry filed August 14, 1998." Appellant also argued that the trial court had failed to follow the mandatory procedure set forth in O.R.C. 2929.19 by failing to indicate to appellant at the time of the sentencing hearing of the specific prison term that would be imposed if appellant violated his community control. A memorandum on the same issue was filed by appellee on January 20, 1999. Pursuant to a Judgment Entry filed on February 3, 1999, the trial court ordered that the "original sentence of August 14, 1998, shall be corrected to include the specific term of three (3) years for which the defendant may be incarcerated upon violation of terms and conditions of Community Control Sanctions", granted the Motion to Revoke Probation, and sentenced appellant to two years in prison for violation of community control sanctions. The trial court, in its February 3, 1999, entry, specifically held as follows: "Counsel for the Defendant has raised an issue regarding the ability of the Court to revoke probation and impose a sentence. In support of its challenge, the Defendant cites Ohio Revised Code Section 2929.19(B)(4) which states, in relevant part: (4) . . .The court shall notify the offender that, if the conditions of the sanction are violated. . . [the court] may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code. (Emphasis added.)
This Court is persuaded by the Defendant's reading of this statute. The statute clearly uses the conjunctive "and" with the requirement of choosing a specific prison term from the range of prison terms for the offense.
However, the Court finds that the Defendant was clearly notified of the possible range of prison terms for the offense. The Defendant knew at the time of sentencing that if he violated the terms of his Community Control Sanctions, he could be sentenced to 1, 2, 3, 4, or 5 years and/or a fine in the amount not more than $10,000.00. See Acknowledgment of Guilty Plea, filed June 25, 1998.
This Court is also persuaded by the argument of the State of Ohio that it is appropriate to correct the sentencing omission. The State of Ohio has cited for the Court, State v. Staneart (5th District Court of Appeals, Case No. 1996 AP 01 0001, July 1, 1996) and State v. Odubanjo (1992), 80 Ohio App.3d 329, in which each Appellate Court remanded the case for correction of sentence.
Therefore, this Court finds that it would be appropriate to issue a correction of the sentence."
The trial court, pursuant to a Judgment Entry filed on February 5, 1999, ordered that appellant serve a term of incarceration of two years in prison for the offense of robbery in violation of R.C.2911.02(A)(3), a felony of the third degree. It is from the February 5, 1999, Judgment entry that appellant prosecutes his appeal raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN ATTEMPTING TO MODIFY APPELLANT'S SENTENCE TO IMPOSE PRISON INCARCERATION AFTER THE ORIGINAL SENTENCING COURT DID NOT IMPOSE SUCH A SANCTION.
 ASSIGNMENT OF ERROR II THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS AGAINST DOUBLE JEOPARDY.
 I
Appellant, in his first assignment of error, maintains that the trial court erred in imposing a prison sentence upon appellant after appellant violated the terms and conditions of his community control when no prison term was imposed upon appellant at the August 13, 1998, sentencing. Appellant specifically contends that the trial court failed to comply with O.R.C. 2929.19(B)(5) by failing to "indicate the specific prison term that may be imposed as a sanction for the violation" of community control. Appellant further argues that since the trial court failed to give appellant notice of the specific prison term that could be imposed and did not comply with R.C. 2929.19(B)(5), then the trial court, pursuant to R.C. 2929.15(B), could not impose any sentence for a violation of community control. R.C. 2929.19(B)(5), effective July 1, 1996, as part of S.B. 2, provides, in relevant part, as follows: "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of sanction are violated or the condition imposed under division (C)(1)(b) of section 2951.02
of the Revised Code, if imposed, is violated, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to Section 2929.14
of the Revised Code. (Emphasis added.)
R.C. 2929.15(B) outlines the permissible penalties that can be imposed upon a community control violator. While, pursuant to such section, a violator may be sentenced to prison, any prison sentence imposed "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of Section 2929.19 of the Revised Code." A trial court, therefore, cannot sentence a community control violator to a longer prison term than it originally notified the violator of at the time of the violator's sentencing hearing. While appellant asserts that "the court did not follow the requirements and procedures of the Ohio Revised Code in selecting a prison sentence at the time of the original sentencing in this matter and, therefore, could not impose a prison sentence at the time of the community control violation", we do not concur. During the change of plea hearing in this matter held on June 25, 1998, the trial court advised appellant that "punishment for a violation of a felony of the third degree is potential term of incarceration of either one year, two years, three, four, or five years and a fine of not more than $10,000.00." Transcript of June 25, 1998, Proceedings at 5. The trial court further informed appellant "understand that if you violate the terms or conditions of a community control sanction, the court may extend the time for which you are subject to this sanction up to a maximum of five years or impose a more restrictive sanction or imprison you for up to the maximum stated term allowed for any offense as set out above." (Emphasis added.) Transcript of June 25, 1998, hearing at 7. In addition, on the same date, appellant signed a Written Acknowledgment of Guilty Plea stating that he understood and acknowledged that the punishment for a violation of Section2911.02, a felony of the third degree, is a term of incarceration of one, two, three, four, or five years, and/or a fine of not more than $10,000.00, and that he understood that if he violated the terms or conditions his community control the court "may extend the time for which I am subject to the sanction up to a maximum of five years or impose a more restrictive sanction or imprison me for up to the maximum stated term allowed for any offense as set out above." Furthermore, appellant was advised at the sentencing hearing on August 13, 1998, that if he did not complete the S.R.C.C.C. Program, he could be sentenced to the maximum. Based on the foregoing, the trial court fully complied with R.C.2929.19(B)(5) at the time the appellant entered a guilty plea and at the time of the original sentencing hearing that resulted in community control sanctions by notifying appellant of the specific term that may be imposed for a violation of community control. Further, the trial court complied with R.C. 2929.15(B) when it sentenced the appellant, after finding that he had violated the terms and conditions of his community control sanction, to a sentence that was less than the maximum sentence specified for a violation of community control at the time of the guilty plea and original sentencing hearing. See State v. Bair (June 29, 1998), Licking App. No. 97-CA-158, unreported. Appellant, at the time he was placed on community control on August 13, 1998, was clearly notified that he could be sentenced to from anywhere from one (1) to five (5) years in prison if he violated the terms of his community control. Appellant's first assignment of error is, therefore, overruled.
 II
Appellant, in his second assignment of error, argues that the trial court committed prejudicial error and violated appellant's constitutional rights against double jeopardy. Appellant specifically contends that since, pursuant to an entry filed on August 14, 1998, appellant was sentenced to community control upon specified terms and conditions, the trial court had no legal authority to subsequently sentence appellant to prison for two years pursuant to entries filed on February 3, 1999, and February 5, 1999. The double jeopardy clause of the United States and Ohio Constitutions "safeguards a defendant's right to finality for an acquittal and preclude multiple punishments for the same conviction." State v. Waddell (1995), 106 Ohio App.3d 600, 603. A trial court is prohibited by double jeopardy restrictions from modifying a completed sentence by increasing it after execution of the sentence has commenced. City of Columbus v. Messer (1982),7 Ohio App.3d 266, 268, citing United States v. Benz (1931),282 U.S. 304. In the case sub judice, appellant was never re-sentenced nor was appellant subject to multiple punishments. Rather, as evidenced by appellant's Written Acknowledgment of Guilty Plea, which was filed on June 25, 1998, appellant was advised that he could be sentenced to a maximum term of five (5) years in prison if he violated the terms and conditions of his community control. Subsequently, on August 13, 1998, appellant was placed on community control for a period of five (5) years with the understanding that if he violated the terms and conditions of his community control, he could be sentenced to a maximum of five (5) years in prison. After appellant admitted to violating the terms and conditions of his community control, he was sentenced by the trial court to a term of incarceration of two years in prison. The trial court's sentencing of appellant after his community control violation was in accordance with R.C. 2929.15(B) which provides that if the conditions of a community control sanction are violated, the trial court may impose a prison sentence on the offender pursuant to R.C. 2929.14. The trial court, therefore, did not violate the double jeopardy clause of either the Ohio and United States constitutions by imposing its sentence on appellant after he violated the terms and conditions of community control.
Appellant's second assignment of error is, therefore, overruled.
The Judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By EDWARDS, J. GWIN, P.J. and FARMER, J. concurs.