Cox, Appellant, v. Fogle et al., Judges, Appellees.

(No. 4202—Decided October 22, 1948.)

*Messrs. Sanborn & Brownfield,* for appellant.
*Mr. Glenn E. Kemp,* police prosecutor, for appellees.

Wiseman, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin county, in an action for a declaratory judgment.

The plaintiff, appellant herein, was tried by a jury and found guilty in the Municipal Court of Columbus.

The plaintiff was placed on probation on condition he pay a fine of $250 and costs. After the fine and costs were paid the plaintiff was ordered into court and

advised that unless he closed his office a sentence of one year in the workhouse would be enforced. The threat of imprisonment was not predicated upon a charge of illegal activity in the office but upon the assertion that the plaintiff had violated the terms of his probation by the simple fact of maintaining his office.

This case was submitted to the trial court on an agreed stipulation. In brief the record appears as follows: On August 15, 1944, plaintiff was found guilty in the Municipal Court of Columbus, of violating Section 12694, General Code. A motion for new trial was filed which was overruled on September 1, 1944. On the same day the trial judge made an entry on the "Criminal Docket" as follows:

"Clarence C. Cox     Viol Sec 12694 GC
                         "M.N.T. over
                         "sen-def
                         "Prob-cond pay fine
                           "$250 & costs."
                 (Signature of trial judge.)

A stenographic record of the proceedings was taken which shows the following:

"The Court: Stand up, Mr. Cox. Is there anything you wish to say before sentence is pronounced? The court places you on probation, with the understanding that you pay a fine of $250 and costs."

An appeal was taken and a bill of exceptions which contained the above statement was signed by the trial judge as a true bill.

In the book kept by the clerk of the Municipal Court of Columbus, entitled "Record of Cases" there appears a notation as follows:

"6/21 Jury trial—Jury verdict 'G' 8-15-44 8/26 mo mo/ov. r 9/1 Sent Def Prob on condition deft pay $250 & costs. Enf 11/20/46—Sen Enforced Pd BX Sngd & allowed 10/2/44."

In the ''Journal'' the following entry was recorded:.

''This day this cause came on for hearing and the defendant being present in open court. Motion for new trial overruled. Sentence deferred and defendant placed on probation on condition that he pay a fine of $250 and costs.''

(Signature of trial judge.)

In the transcript of the docket and journal entries certified by the clerk and filed in the appeal proceedings the above entry was certified as the final entry on file in the court.

By an agreed entry the appeal was dismissed and on November 20, 1946, the plaintiff appeared in court in response to its order for enforcement of the sentence and paid to the clerk the fine of $250 and the costs. After November 20, 1946, the plaintiff was ordered into court and advised that he had not closed his office as one of the conditions of the probation according to a ''Probation Entry'' signed by the trial judge on September 1, 1944. This entry provides that the execution of the sentence is deferred and the plaintiff is placed on probation for a period of five years upon the following terms and conditions:

''* * * 4. Other conditions.

''To pay $250 & costs.

''Office to be closed—if practice is resumed or if probation is violated defendant is to be sentenced to workhouse for one year.''

This entry was placed in a drawer in the office of the clerk of the Municipal Court, but it was not stamped as filed, neither was it recorded. No index, notation or other record was made of the probation entry and it was not placed with the other papers in the case. In the light of this factual development the plaintiff asks a declaratory judgment to determine his rights, status and legal relations under the controlling

statutory provision. The trial court found that the paper writing entitled "Probation Entry" was the final order in the case; that the portion of the probation entry which states as follows: "If practice is resumed or if probation is violated defendant is to be sentenced to workhouse for one year," was surplusage and of no legal effect; and that the conditions of probation imposed by the probation entry were valid and upon violation thereof the court may revoke probation and impose any lawful sentence upon the plaintiff.

Plaintiff may maintain an action for a declaratory judgment to determine his "rights, status or other legal relations" under the statute as authorized by Sections 12102-1 and 12102-2, General Code.

The Municipal Court of Columbus is a court of record. Section 1558-46, General Code. Under the provisions of Section 11604, General Code,

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action. The entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be journalized as of the date of the filing of said entry or of the written direction by the court."

It is a fundamental rule that a court speaks through its journals. *Industrial Commission* v. *Musselli,* 102 Ohio St., 10, 15, 130 N. E., 32; *State, ex rel. Industrial Commission,* v. *Day,* 136 Ohio St., 477, 26 N. E. (2d), 1014; *In re Estate of Lowry,* 140 Ohio St., 223, 227, 42 N. E. (2d), 987; *Hower Corp.* v. *Vance,* 144 Ohio St., 443, 448, 59 N. E. (2d), 377.

In the case at bar the probation entry was not journalized and, moreover, it was never filed with the clerk for journalization. In no sense can it be considered the final order. The order by which the court deferred sentence and placed the plaintiff on probation

on condition the plaintiff pay a fine of $250 and costs was the final entry and was regarded as such by the clerk and the court at the time an appeal was taken. Giving this order the most liberal interpretation it cannot be considered as incorporating the contents of the probation entry by reference. We cannot read into the final order the additional conditions found in the probation entry. The trial court regarded a part of the contents of the probation entry as surplusage. We agree with this conclusion. However, the trial court enforced as valid that part of the probation entry which provided that the office was to be closed on the ground that this part of the probation entry was a condition under which probation was granted. In the first entry the condition on which probation was granted was specific, complete and authorized by statute and constituted a final order. Section 13451-8, General Code, in part, provides:

"The court may also place such an offender on probation, with the condition that he pay a fine and costs or either of them, as the case may be, in installments within a limited time, and may, in case of the default in any of such payments, impose such sentence as is provided by law."

The trial court exercises a broad discretion in determining whether the offender shall be placed on probation and the terms of the probation. The terms of the probation should be made a part of the final order, journalized as such and become a part of the records of the case. In the instant case perhaps an explanation could be made, but in the stipulated facts no explanation is attempted, why there appear two separate entries, the second not in accord with the first and not filed with the clerk for journalization.

The fact that by stipulation it was agreed that the trial judge would state that at the time the plaintiff

was placed on probation the conditions of probation as contained in the probation entry were stated orally from the bench in the presence of the plaintiff and his counsel, does not strengthen the case. The rule is that a court speaks through its journal. The requirements of this rule are not met by an oral pronouncement by a court without the preparation and filing of a journal entry. *State, ex rel. Industrial Commission,* v. *Day, supra.*

The plaintiff having complied with the terms of probation as set forth in the final order, the plaintiff should be released.

*Judgment reversed.*

MILLER and HORNBECK, JJ., concur.