500

**TRAFFIC RESEARCH INSTITUTE, Inc., v. TURNER.**

Ohio Appeals, Ninth District, Summit County.

Decided January 2, 1952.

Joseph O'Leary, Akron, for appellant.
Englebeck & Kaufmannn, Akron, for appellee.
Walker, Alpeter, Reed & Diefenbach, Dwight G. Hay and Richard A. Nye, Akron, for W. A. Givens.

## OPINION

By HUNSICKER, Presiding Judge.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Summit County, Ohio, dissolving an order of attachment made upon certain property of Harold E. Turner, appellee herein.

Traffic Research Institute, Inc., appellant herein. brought an action in the Common Pleas Court against Harold E. Turner for money only, and filed, with its petition, an affidavit for attachment, a copy of the principal part of which is as follows:

"John R. Meeks, being first duly sworn, says that plaintiff is a corporation, and that he is the president thereof, duly authorized herein, and that plaintiff is commencing herewith

a civil action in this court against defendant for the recovery of money for services rendered from September 1, 1949, to March, 1951, in the amount of $1,452.34; that said claim is for work and labor consisting of services rendered, and further, that defendant is about to convert his property, in whole or in part, into money, for the purpose of placing it beyond the reach of his creditors, and that the facts set forth in this affidavit are true."

Turner then filed a motion for an order releasing the attachment, "for the reason that the allegations contained in said attachment are untrue." This motion was supported by several affidavits.

Thereafter, Turner filed a supplemental motion to release the attachment, in which motion Turner stated that: "Said affidavit does not comply with §11820 GC; that a tractor belonging to said defendant has been attached; that said tractor is used exclusively in the business of defendant, which is haulage; that said tractor is a tool of trade of defendant; that in the affidavit for attachment the words 'duly authorized herein' are averred and there is nothing to support said allegation."

The trial court, after a hearing on the motion and supplemental motion, entered a judgment, the part applicable herein being as follows:

"The court, upon consideration of the motions, the briefs filed therein and oral argument, finds—

"1. That defendant's motion to dissolve said attachments is well taken and is therefore sustained, said attachments are dissolved, and the garnishees are hereby ordered to release all properties held under said attachments."

There is no bill of exceptions before us, and if there is any error prejudicial to the substantial rights of the appellant, such error must appear from an examination of the original papers and the transcript of the docket and journal entries transmitted to us by the clerk of courts.

There is in the papers before us a copy of the finding made by the trial court, which finding was filed with the clerk of courts. This court does not review the opinions of the trial court; we are limited by the constitution of Ohio to a review of the judgment entered.

The opinion of the trial court was not signed by such court, it was not couched in the form of an order, judgment or decree, and hence it could not be classed as a final order from which an appeal could be taken.

"It is a fundamental rule that a court speaks through its journals." **Cox v. Fogle, 84 Oh Ap 179**, at **page 182**, 82 N. E. 2d 875, at page 877. See also **Art. IV, Sec. 6, Constitu-**

tion of Ohio; §12223-3 GC; 2 O. Jur. (Part 1), Appellate Review, Secs. 88 and 293, Pages 166 and 578.

The appeal herein was in fact not taken from the opinion, but from the judgment, entered on September 18, 1951.

From the state of the record before us, we do not know upon which of the several grounds of the motion the court entered the judgment. The judgment is general in its terms. The trial court was not asked to clarify the judgment by setting forth its conclusions of fact separately from its conclusions of law.

Where one or more of the grounds of the motions could ■ have been well taken, this court has no other alternative, under the circumstances here existing, than to affirm the judgment of the trial court.

Judgment affirmed.

The surety who executed the supersedeas bond herein has filed a motion in this court to be released as such surety and from all obligations arising out of said "appeal bond."

This motion is denied.

DOYLE and STEVENS, JJ, concur.