CITY OF LAKEWOOD, APPELLEE, *v.* O'MEARA, APPELLANT.

(No. 51861 — Decided March 16, 1987.)

*Michael E. Murman,* city prosecutor, for appellee.

*William H. Keis, Jr.,* for appellant.

PATTON, J. This is an appeal by Patrick O'Meara from a judgment entered by the Lakewood Municipal Court revoking his probation. The facts giving rise to this appeal are as follows.

On August 29, 1985, Robert Carroll filed a complaint in the Lakewood Municipal Court charging Patrick O'Meara (hereinafter "appellant") with criminal damaging in violation of Section 541.03 of the Lakewood Codified Ordinances. On October 29, 1985, appellant withdrew his not guilty plea and entered a plea of no contest to the complaint. In a journal entry filed on that same date, the court recommended that appellant be fined $250 and costs and sentenced to thirty days in the Lakewood Jail or Cleveland

House of Correction. The court then suspended execution of the sentence and placed appellant on inactive probation for one year. The entry journalizing appellant's probation does not state any conditions of probation.

On December 10, 1985, the city of Lakewood filed a motion to revoke appellant's probation. The matter came on for a hearing on February 3, 1986. The court found appellant to be in violation of probation and reinstated appellant's original sentence of thirty days in the Cleveland House of Correction. Execution of this sentence was suspended pending appeal.

Appellant's probation was revoked because appellant was convicted of assault in the Rocky River Municipal Court during the period of his probation to the Lakewood Municipal Court. From the judgment revoking his probation, appellant filed a timely notice of appeal. He has assigned one error for our review:

"The trial court's revocation of appellant's probation is contrary to law because the appellant had complied with all terms and conditions of his probation."

Appellant contends that it was error to revoke his probation because of his assault conviction when the journal entry placing him on probation does not state any conditions of his probation. This contention lacks merit.

Appellant cites *Cox* v. *Fogle* (1948), 84 Ohio App. 179, 39 O.O. 223, 82 N.E. 2d 875, and *Lima* v. *Beer* (1950), 90 Ohio App. 524, 48 O.O. 188, 107 N.E. 2d 253, as support for his argument that when there are no express and definite conditions of probation recorded in the court's journal, it is improper for the court to revoke probation. Both cases were decided prior to the enactment of R.C. Chapter 2951.02 and, thus, their continued applicability is in doubt. R.C. 2951.02(C) specifically sets forth two *minimum* conditions of probation applicable in *every* case and provides in pertinent part:

"When an offender is placed on probation or his sentence is otherwise suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code, *the probation* or other suspension *shall be at least on condition that, during the period of probation* or other suspension, *he shall abide by the law* and not leave the state without the permission of the court or his probation officer. * * *" (Emphasis added.)

This statute is also applicable to a misdemeanor conviction as in the instant case. See Committee Comment to H.B. No. 511.

This court has addressed the issue raised by appellant previously. In *State* v. *Pavone* (June 21, 1984), Cuyahoga App. Nos. 47700 and 47701, unreported, the defendant had argued that he did not violate his probation by conduct which was not expressly proscribed as a probation condition. In *Pavone,* the defendant's probation was terminated for disciplinary problems. This court stated in *Pavone* that "the statutes regulating * * * probation procedures establish terms and conditions of * * * probation beyond any additional express conditions imposed by the court." (Citations omitted.) *Id.* at 4.

Similarly, in *State* v. *McCall* (May 15, 1986), Cuyahoga App. No. 51267, unreported, this court relied on *Pavone, supra,* and our holding in *State* v. *Soblotne* (May 26, 1983), Cuyahoga App. No. 45645, unreported, to hold that the court did not err in finding the defendant to be a probation violator for matters which were not the express terms and conditions of his probation. In *Soblotne, supra,* this court cited to R.C. 2951.02(C) as providing two minimum conditions of probation applicable to every probation. We stated in *Soblotne, supra,* that "[e]very person is responsible for knowledge of the law, and ignorance of the law is no

excuse for one's failure to comply." *Id.* at 3. Likewise, any lack of knowledge by the appellant of the conditions set forth in R.C. 2951.02(C) does not excuse his failure "to abide by the law." Although there were no express conditions of his probation stated in the journal entry placing him on probation, appellant was responsible for knowledge of the law, in particular R.C. 2951.02(C). Thus, the court did not err in revoking appellant's probation on the basis of appellant's assault conviction.

Accordingly, appellant's sole assignment is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MARKUS, C.J., and MATIA, J., concur.