## State v. Fair
[Cite as 4 AOA 350]

*Case No. 14343*
*Summit County, (9th)*
*Decided June 13, 1990*

Maureen C. Hardy, Asst. Prosecutor, City-Country Safety Bldg., Akron, OH 44308, for Plaintiff.

Carl M. Layman III, Attorney at Law, 4301 Darrow Rd., Stow, OH 44224, for Defendant.

BAIRD, J.

This cause came before the court upon the appeal of defendant-appellant, Richard Fair, from an order of the Summit County Common Pleas Court to pay additional restitution as a condition of his probation . This court reverses.

Fair was indicated on three counts of gross sexual imposition. Pursuant to a plea agreement with the state, Fair pleaded guilty to one count of gross sexual imposition. On May 24, 1989, he was sentenced but the sentence was suspended and he was placed on probation. In October 1989, the trial court ordered an additional condition of Fair's probation.

*ASSIGNMENTS OF ERROR*

"It is a violation of the protection against double jeopardy, and the trial court committed plain error where it imposed two sentences for the same offence."

This court notes that Fair submitted a proposed App. R. 9(C) statement in lieu of a transcript of the proceedings of the events which transpired on October 12, 1989 in the trial judge's chambers. However, this statement does not meet the requirements under the rule and will not be considered as part of the record before this court. Additionally, the state in its brief makes reference to the transcripts of proceedings that were made at the time of the May 19, 1989 and May 24, 1989 court appearances of Fair. These transcripts were not made a part of the record and can not be considered by this court. Therefore, this decision is based upon the record as presented.

Fair contends that the October 18, 1989, order of the trial court violates the constitutional protection against double jeopardy. The double jeopardy clause protects against additions to a sentence in a subsequent proceeding that upset the defendant's legitimate expectation of finality. *Jones* v. *Thomas* (1989), 491 U.S. ___, 105 L. Ed. 2d 322, 339, citing *United States* v. *DiFrancesco* (1980), 449 U.S. 117, 139. Where the government has already imposed a criminal penalty against a defendant and seeks to impose additional punishment in a second proceeding, the double jeopardy clause protects against the possibility that the government is seeking the second punishment because it is dissatisfied with the sanction obtained in the first proceeding. *United States* v. *Hapler* (1989), 490 U.S. ___, 104 L. Ed.

2d 487, 503, fn. 10 see, also, *Jones* v. *Thomas, supra.*

The state contends that as part of his probation Fair was responsible for any other restitution that the probation department finds necessary in this case. The court speaks only through its journal entry. *Brackmann Communications, Inc.* v. *Ritter* (1987), 38 Ohio App. 3d 107, 109. The May 24, 1989 journal entry reads, in pertinent part, as follows:

"THEREUPON", IT IS THE ORDER OF THE COURT that imposition of the above prison sentence be and the same hereby is SUSPENDED and the Defendant placed on probation for a period of Three (3) Years upon the following terms and conditions, to-wit:

"1. That he report to the Adult Probation Department as directed and abide by the rules and regulations of said department and/of the Adult Parole Authority.

"2. That he refrain from offensive conduct of every nature and obey all laws.

"3. That he serve Sixty (60) Days in the Summit Country Jail and/or the Oriana House Residential Institutional Probation program, to commence when a bed becomes available for him, and further that he be permitted a work release as verified by Ms. Marianne Gaffga. Defendant's work release is subject to compliance with the Summit County Common Pleas' Standard Operating Procedures for Work and Study Release program, and further may be re-committed to the Summit County Jail upon violation of said program.

"4. That he make restitution in the amount of One Thousand Eight Hundred Eighty Dollars and Fifty One Cents ($1,889.51) as directed by the Adult Probation Department.

"5. That he obtain psychological counseling as directed by the Adult Probation Department.

"6. That he have no contact with the victim in this case or the victim's family.

"7. That he pay the costs of this prosecution as directed by the Adult Probation Department; said monies to be paid to the Summit County Clerk of Courts, Court House, Akron, Ohio, 44308."

The October 18, 1989 journal entry reads, in pertinent part, as follows:

"Upon due hearing and consideration of this Court, IT IS HEREBY ORDERED that an additional condition of the Defendant's probation shall be that he pay for all expenses and fees incurred by the victim for counseling."

If the court, in originally apprising Fair of his conditions of probation, held that he had to make additional restitution as determined by the probation department, the journal entry does not reflect such a condition. The state did not provide a transcript of that hearing so it is not before us. Any possible ambiguity between what the trial court did, but which was not properly recorded may be corrected pursuant to a *nunc pro tunc* order. See *State* v. *Greulich* (Dec. 7, 1988), Lorain Appl. No. 4347, unreported.

Probation is a sentence releasing defendant into the community under the supervision of a probation officer. Black's Law Dictionary (5 Ed. Rev. 1979) 605. An order suspending the imposition of sentence and placing the defendant on probation is a final order. R.C. 2591.10; *Cox* v. *Fogle* (1948), 84 Ohio App. 179. Once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the general assembly. *State* v. *Addison* (1987), 40 Ohio App. 3d 7, 9. See, also, *State* v. *Vaughn* (1983), 10 Ohio App. 3d 314.

In this case, the trial court modified the sentence without statutory authority after Fair made restitution and apparently served part of his jail term. The defendant's right to expect finality precluded such action. See *Columbus* v. *Messer* (1982), 7 Ohio App. 3d 266, 268, and *Brook Park* v. *Necak* (1986), 30 Ohio App. 3d 118, 120.

Fair's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

"It is violation of the constitutional protection of the right of the accused to be present during sentencing, and it is plain and reversible error, to impose a sentence without the presence of the defendant."

The failure to allow a defendant to attend sentencing proceedings constitutes a violation of his constitutional rights. *State* v. *Thrower* (Nov. 1, 1989), Summit App. Nos. 14044, 14045, 14095 and 14096, unreported. However, a defendant may waive the right to be present at sentencing. *State* v. *Williams* (1983), 6 Ohio St. 3d 281, 286. The record before this court does not show that Fair waived his right to be present at the additional sentencing hearing. The second assignment of error is well taken.

### ASSIGNMENT OF ERROR III

"Failure to raise the constitutional defense of double jeopardy deprives the defendant of the effective assistance of counsel afforded by the Sixth Amendment."

Fair's contention of ineffective assistance of counsel was asserted only to preserve the double jeopardy issue because it was not raised at the trial. Since this issue was not properly briefed this court need not address it. Assignment of error three is overruled.

Based upon our disposition of assignments of error one and two, the modification of Fair's sentence through the order of October 19, 1989 is reversed.

*Judgment reversed.*

REECE, P. J., and QUILLIN, J., concur.