DISSENTING OPINION
I respectfully dissent from the majority opinion since I believe it sets an unsound precedent.
The majority opinion apparently concedes the trial court essentially conducted, with appellants acquiescence, a probation revocation hearing in this case. Cf. In re Zilba (1996),110 Ohio App.3d 258. The majority opinion, however, then proceeds to its analysis without a consideration of the appropriate standard of appellate review.
Probation is a privilege, not a right, and as such it is within the trial courts discretion to either grant or revoke probation.State v. Theisen (1957), 167 Ohio St. 119; State v. McKnight
(1983), 10 Ohio App.3d 312. Thus, a trial court's decision may not be disturbed on appeal if the record contains evidence of a substantial nature justifying revocation. State v. Scott (1982),6 Ohio App.3d 39, 41. Relevant to this court's review of the substantial nature of the evidence presented to the trial court in this case are two Ohio Supreme Court decisions and a consideration of the theory of "fraud on the court."
In State v. Thompson (1987), 33 Ohio St.3d 1 at 7, citing Statev. Deever (1980), 64 Ohio St.2d 335, the supreme court reiterated its position that probationers hold constitutional rights that are more limited than those of other people, simply because probationers are considered to be in the constructive custody of the state at all times. See, also, State v. Thei sin, supra; Statev. Scott, supra. This court, therefore, is required to be cognizant of that fact in addressing appellant's assignment of error. Moreover, for double jeopardy purposes, the supreme court made a distinction in State v. Draper (1991), 60 Ohio St.3d 81, between probationers who receive that status in lieu off serving any portion of a term of incarceration and those persons who are granted probation after a portion of their sentence of incarceration is served.
Brook Park v. Necak (1986), 30 Ohio App.3d 118, upon which the majority opinion relies for its decision, was decided prior to the aforementioned supreme court decisions. Furthermore, its facts are distinguishable since the defendant had already served a portion of his term of incarceration before being placed on probation. Appellant herein, however, was detained only because the trial court's order of probation mandated she be placed in "in-patient treatment." Since the probation department had jurisdiction over appellant, she did not begin serving a term of incarceration.
This court's decision in State v. Thotnason (Feb. 23, 1995), Cuyahoga App. No. 67012, unreported, on the other hand, is more recent than Necak and, in addition, addressed a defendant placed immediately upon probation. Thomason is, therefore, more appropriate than Necak to the facts of this case.
However, the majority opinion, while impliedly criticizing the decision made in Thomason, unfortunately does not consider the alternate and more recent federal authority relied upon in that opinion, viz., United States v. Kendis (3d Cir. 1989),883 F.2d 209, which directly addressed the situation faced by the trial court herein.
In Kendis, the defendant, upon entry of a guilty plea to one count of bank fraud, agreed to make restitution. He made partial restitution by the time of his sentencing; thus, the district court suspended nearly all of the defendant's five-year sentence. However, when the district court subsequently was informed that the defendant's "restitution" had been made from former clients' funds the defendant had converted to his own use, the district court terminated the defendant's probation. This decision was upheld on appeal; the federal appeals court explained its rationale as follows:
 [1] On appeal Kendis contends first that the district court abused its discretion in revoking his probation on Kendis I
because the offense on which the district court relied for such revocation occurred prior to his sentencing and hence while he was not on probation. We reject Kendis' argument.
In United States v. Camarata, 828 F.2d 974, 977 n. 5 (3d Cir. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988). we recognized that some courts had adopted the fraud on the court exception to the general rule that revocation of probation is generally based on acts occurring after sentencing. See also United States v. Veatch, 792 F.2d 48, 51 (3d Cir.), cert. denied, 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986). We are now faced with the issue directly, and we also adopt the principle that revocation off probation is permissible when defendant's acts prior to sentencing constitute a fraud on the court.
 [2] Kendis argues, however, that his action in using clients' converted funds to pay restitution did not constitute a fraud on the court because there was no concealment of the crime and the court was aware of the possibility of other potential victims of Kendis' illegal activity. In this case, the record shows that Kendis relied heavily on his act of restitution to persuade the district court to give him a relatively light prison sentence in Kendis I and that Kendis failed to reveal that restitution had been made with clients' money. Revocation of probation under the fraud on the court theory was thereafter appropriate under these circumstances. See United States v. Jurgens, 626 F.2d 142, 144 (9th Cir. 1980) (Emphasis added.)
Similarly, although it was merely a "sin of omission," appellant's affirmative failure in this case to reveal to the trial court the pending charge against her prior to being sentenced amounted to a fraud on the court.[1] Since one of the primary statutory conditions of probation is that the probationer must "abide by the law," the trial court's decision to reconsider its grant of probation to appellant was entirely justified. R.C.2951.02 (C); State v. Shyrock (1949), 86 Ohio App. 210, at headnote; State v. O'Meara (1987), 35 Ohio App.3d 95; see, also,State v. McCoy (Nov. 17, 1992), Franklin App. No. 92AP-818, unreported; United States v. Williams (6th Cir. 1994),15 F.3d 1356. Simply put, appellant's concealment of the Akron arrest was an objective manifestation "sufficient to suggest that [s]he was a poor risk to complete probation successfully." State v. Henderson
(1989), 62 Ohio App.3d 848 at 854; see, also, e.g. State ex rel.Lipschutz v. Shoemaker (1990), 49 Ohio St.3d 88. As acknowledged by the majority opinion in setting forth the statute, R.C. 2951.09
specifically mandates the trial court "shall inquire into the conduct of the defendant" when presented with the question of whether to continue the defendant's probation.
In failing to consider the foregoing analysis, the majority opinion sets both an unnecessary and an improper precedent. Additionally, it places an unfair burden upon trial courts to inquire in every case, prior to imposing sentence, as to the defendant's forthrightness. The result is both to encourage sharp practices that have no place in the serious business of criminal justice and to undermine respect for the trial courts.[2]
The trial court in this case was presented with evidence of a substantial nature justifying its decision to revoke appellant's probation; therefore, I would reject appellant's assignment of error and affirm the trial court's decision.
[1] Although the majority opinion questions the accuracy of the dates of appellant's arrest and subsequent plea in Akron, the record does not indicate appellant was incarcerated after her December 21, 1998 plea in the Cuyahoga County Court of Common Pleas. Thus, appellant had the opportunity to commit the Akron offense, and time to be charged, to enter a plea to that charge on the morning of January 25, 1998, then on the same afternoon to appear for her sentencing in Cleveland. It is difficult to believe that someone with appellant's extensive experience with the criminal justice system did not make a conscious decision to conceal the Akron case during the second sentencing hearing.
[2] Clearly, that is what occurred in Necak, since the trial court discovered the defendant's attorney had made the misrepresentation; however, nothing in the fact-s suggested the defendant had either authorized or encouraged his attorney's action.