THIRD DIVISION

December 24, 2002

No. 1-01-2961

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

) 

v. ) 

)

JABARI BROWN, ) Honorable

) Clayton Jay Crane

) and 

) Michael B. Bolan,

Defendant-Appellant. ) Judges Presiding.

PRESIDING JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from a dismissal of a petition for post-conviction relief.  

Subsequent to a bench trial, petitioner, Jabari Brown, was convicted of one count of first degree murder involving a drive-by shooting and sentenced to 45 years in the Illinois Department Corrections.  The conviction and sentence were affirmed by this court in an unpublished order on April 20, 2000.  
People v. Brown
, No. 1-98-4501 (2000) (unpublished order under Supreme Court Rule 23).  Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on October 4, 2000. 

On April 4, 2002, petitioner, 
pro se
, filed a petition for post-conviction relief pursuant to section 122-1 of the Post-Conviction Act (Act) (725 ILCS 5/122-1 
et seq
. (West 2000), a motion to sue or defend as a poor person and a motion for appointment of counsel. 

The petition for post-conviction relief alleged:

"(A) Counsel was ineffective for their failure to object to prior consistent statements elicited by the prosecution;

(B) Counsel was ineffective for their failure to object  to gang-related evidence;

(C) Counsel was ineffective for their failure to object to evidence of threats;

(D) Counsel was ineffective for their failure to call several defense witnesses;

(E) Counsel was ineffective for their failure to perfect impeachment;

(F) Counsel was ineffective for not allowing the    petitioner to testify; and

(G) Counsel was ineffective for their failure to object to prior consistent identification."

Additionally, the petition alleged that petitioner was denied a fair trial due to the admission of hearsay testimony, the knowing use of perjured testimony, the introduction of "improper and irrelevant" evidence and a denial of the sixth amendment right to the effective assistance of counsel on direct appeal.

     The petition requested that petitioner be permitted to file his "Memorandum of Law and Finding of Facts" in support of his claims by no later than April 14, 2001.  Attached to the petition was petitioner's affidavit wherein he acknowledged that the deadline for filing the petition was April 4, 2001, and that a paralegal by the name of Frederick Lambert was working on his "Memorandum of Law and Finding of Facts" and hoped to be finished with it on or before April 14, 2001.  Also attached to the petition was Lambert's affidavit stating that he was assisting petitioner in the preparation of the petition but that, due to his crowded calendar, he was unable to prepare a "Memorandum of Law and Finding of Facts" and would file one by no later than April 14, 2001.  In other words, the petition was filed for the purpose of meeting the statute of limitations deadline and to preserve petitioner's rights under the Act.

On April 27, 2001, petitioner filed an "Amended Post Conviction Petition/Memorandum of Law and Findings of Facts/

Affidavits."  Attached to the petition was his affidavit acknowledging that he had filed a post-conviction petition on March 26, 2001, and that the deadline for filing was April 4, 2001.

Petitioner further stated:

"That after filing the first Petition and after further research it has come to the Petitioner's attention that certain issue's [sic] presented in the initial Post Conviction is [sic] without merits [sic] and the Petitioner would not want to waist [sic] this Honorable Courts [sic] precious time on frivilous [sic] claims.

Likewise, the Petitioner has discovered additional issue's [sic] cognizable under the Post Conviction [Hearing] Act and to properly present all of the claims Petitioner feel [sic] that it would be best to Amend the entire Post Conviction." 

The amended petition raised a laundry list of allegations regarding ineffective assistance of counsel, which included trial  counsel's failure to call alibi witnesses; his not allowing petitioner to testify at trial; his failure to call a "crucial" defense witness; his failure to object to gang-related evidence; the State's introduction into evidence of prior consistent statements and hearsay testimony; the State's introduction of "statements of nonidentification"; the State's introduction into evidence of alleged threats "not connected to Petitioner"; the State's elicitation of evidence "insinuating prior offenses by the petitioner"; and the unconstitutionality of Public Act 83-942 (Pub. Act 83-942, eff. November 23, 1983), in that it violates the single subject rule of the Illinois Constitution.  The petition also alleged that petitioner was denied effective assistance of his appellate counsel on direct appeal, a claim that was raised in the original petition.

The amended petition further alleged that petitioner had an alibi and that there were three witnesses who were prepared to testify that, on the date of the offense, which occurred in Chicago, he was with these individuals at a family Labor Day picnic in Decatur, Illinois; also, that petitioner provided his attorney with a list of these people who would testify that he was in Decatur attending this picnic, but that trial counsel told him that he would not call any of these alibi witnesses because the judge would not believe them since they were family members and friends.  

Attached to the amended petition were four affidavits.  The affidavits of April Hendricks and Tamara Evans attested to the fact that petitioner could not have committed the crime of which he had been convicted because he was with them at a family Labor Day picnic in Decatur, Illinois, on the date in question.  Petitioner's affidavit stated that he informed his trial counsel during their first interview that he was in Decatur at a family picnic on the date of the murder and provided him with the names of his alibi witnesses, but that his lawyer told him that the judge would not believe these witnesses because they were family members and friends.  Additionally, petitioner's affidavit stated that he informed his lawyer during the trial of his desire to testify, but that counsel told him that he did not know whether his testimony would be needed and he would call him to testify "if need be."   However, trial counsel, according to the affidavit, never called petitioner to testify.  Petitioner also stated that he asked his attorney to interview the owner of the vehicle that was involved in the drive-by shooting, but his lawyer refused and told him "to trust his skills and let him decide whats [sic] best."

The fourth affidavit was that of Thado Stewart, who attested that, on the date of the incident, he was the owner of a Gold Lexus and never loaned it to petitioner or his son or any of his friends and that, therefore, it was not possible that his car was involved in the drive-by shooting on Labor Day.  

In a written order the trial court dismissed the petition, stating that it was frivolous and patently without merit.  The court addressed each of petitioner's allegations in the original petition but made no reference or mention of the allegations contained in the amended petition.  

The following issues have been raised for our review:

(1) whether the trial court erred in either failing to consider the allegations of the amended petition for post-conviction relief or in denying petitioner's request to amend the petition; and (2) whether the trial court erred in summarily denying the petition for post-conviction relief regarding the allegations of ineffective assistance of counsel wherein petitioner argued that his trial counsel refused to let him testify and to investigate and call the three available alibi witnesses and the owner of the vehicle used in the drive-by shooting.

The Post-Conviction Hearing Act provides a mechanism by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both.  725 ILCS 5/122-1 
et seq
. (West 2000); 
People v. Rivera
, 198 Ill. 2d 364 (2001). Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place.  The petition must clearly set forth the respects in which the petitioner's rights were violated.  
People v. Coleman
, 183 Ill. 2d 366, 379, 701 N.E.2d 1063 (1998).  Section 122-2 of the Act requires that affidavits, records or other evidence supporting the petitioner's allegations be attached to the petition.  725 ILCS 5/122-2 (West 2000).

Under the Act, a post-conviction proceeding not involving the death penalty consists of three stages.  
People v. Edwards
, 197 Ill. 2d 239, 244, 757 N.E.2d 442-44 (2001), citing 
People v. Gaultney
, 174 Ill. 2d 410, 418, 675 N.E.2d 102 (1996).  At the first stage, the circuit court must independently review the post-conviction petition within 90 days of its filing and determine whether the petition is frivolous or patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 2000).  If the court determines that the petition is either frivolous or patently without merit, the court must dismiss the petition in a written order.  725 ILCS 5/122-2.1(a)(2) (West 2000).  A post-conviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the "gist of a constitutional claim."  
Gaultney
, 174 Ill. 2d at 418, citing 
People v. Porter
, 122 Ill. 2d 64, 74, 521 N.E.2d 1158 (1988).  The "gist" standard is a "low threshold."  
Gaultney
, 174 Ill. 2d at 418.  To set forth the "gist" of a constitutional claim, the post-conviction petition need only present a limited amount of detail, and need not set forth the claim in its entirety.  Further, the petition need not include legal arguments or citations to legal authority.  
Gaultney
, 174 Ill. 2d at 418; 
Edwards
, 197 Ill. 2d at 244. At the first stage, the trial court does not rule on the merits of the petition; rather, the trial court simply decides if the petition on its face is frivolous or patently without merit.  
People v. Oury
, 259 Ill. App. 3d 663, 667 (1994). 

The Act provides for a court, in its discretion, to allow amendment of petitions "as shall be appropriate, just and reasonable and as is generally provided in civil cases."  725 ILCS 5/122-5 (West 2000).  Generally, when a party asks to amend a complaint, leave to do so is freely given.  A circuit court abuses its discretion if it refuses to allow a plaintiff to amend his complaint when a cause of action can be stated if the complaint is amended.  
People v. Scullark
, 325 Ill. App. 3d 876, 880 (2001), citing 
Droen v. Wechsler
, 271 Ill. App. 3d 332, 335, 648 N.E.2d 981, 984 (1995).  The trial court should exercise its discretion liberally in favor of allowing amendments if allowing an amendment will further the ends of justice; the most important question is whether amendment will be in furtherance of justice, and amendment of defective pleadings should be permitted unless it is clear that the defect cannot be cured thereby.  Any doubts should be resolved in favor of allowing amendments.  
Cantrell v. Wendling
, 249 Ill. App. 3d 1093, 1095, 520 N.E.2d 9, 11 (1993).  The general rule is that the allowance of material amendments after the evidence has been closed rests largely in the discretion of the trial court and its ruling will not be disturbed on review except in cases of clear abuse.  
Lawson v. Hill
, 77 Ill. App. 3d 835 (1979). 

Our review of the circuit court's summary dismissal of defendant's post-conviction petition is 
de novo
.  Due to the elimination of all factual issues at the dismissal stage of a post-conviction proceeding, the question is, essentially, a legal one, which requires the reviewing court to make its own independent assessment of the allegations.  Thus, a court of review is free to substitute its own judgment for that of the circuit court in order to formulate the legally correct answer.  
Edwards
, 197 Ill. 2d at 247, quoting 
People v. Coleman
, 183 Ill. 2d 366, 388 (1998).

The record is clear that petitioner never sought leave of the court to amend his petition.  While he did, in fact, file the amended petition, no formal motion was presented requesting leave to file the amended petition.  A movant has the responsibility to obtain a ruling from the court on his motion in order to avoid waiver on appeal.  
People v. Schmitt
, 131 Ill. 2d 128, 137 (1989).   

As to the original petition, it is uncontested that it was not supported by accompanying affidavits.  A petition filed under the Act shall have attached "affidavits, records, or other evidence" as required by section 122-2 supporting its allegations or "shall state why the same are not attached."  725 ILCS 5/122-2 (West 1998).  The petition did state that it was being filed in order to meet the deadline under the Act.  Implicit in this statement was petitioner's tacit acknowledgment that the petition, which was being filed 
pro se
, was insufficient as a matter of law and presumably would be amended on a future date in order to comply with the mandates of the Act. Also attached was the affidavit of a paralegal who assured the court that he was assisting petitioner in the preparation of the document and that the amended petition would be filed within the next two weeks. When the amended petition was filed, it was supported by the requisite affidavits. 

The State concedes that it would appear from the record that the court only addressed the allegations contained in the original post-conviction petition but argues that the trial court either implicitly denied petitioner's request to amend or never addressed the amended petition because no formal motion was presented.  

In examining the court's order, it appears that it only addressed the original petition and not the amended petition.   In his order dismissing the petition, the court stated that "petitioner failed to submit any affidavits from the witnesses."  Clearly, that was a direct reference to the original petition, which lacked accompanying affidavits, and not the amended petition, which was accompanied by affidavits. 

Petitioner claimed in both the original petition and the amended petition that his trial counsel was ineffective for failing to call alibi witnesses of whom he was aware.  To establish a claim for ineffective assistance of counsel, defendant must show that counsel's representation fell below an objective standard of reasonableness so as to deny him the right to counsel guaranteed under the sixth amendment.  
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In assessing such a claim, the court must give deference to counsel's conduct within the context of trial and without the benefit of hindsight.   
Strickland
, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.  As such, a defendant must overcome the strong presumption that the challenged action or inaction of counsel was the product of sound trial strategy and not incompetence.  
People v. Coleman
, 183 Ill. 2d 366, 397 (1998).  

It is well settled that strategic choices made by defense counsel after a thorough investigation of the law and facts relevant to the plausible options are virtually unchallengeable.  
People v. King
, 316 Ill. App. 3d 901 (2000); 
People v. Towns
, 182 Ill. 2d 491, 514 (1998); 
People v. Mitchell
, 189 Ill. 2d 312, 347 (2000).  It is equally settled that trial counsel's decision whether to present a particular witness is within the realm of strategic choices that are generally not subject to attack on the grounds of ineffectiveness of counsel.  
People v. Tate
, 305 Ill. App. 3d 607, 612 (1999).  However, along with these general rules, our case law holds that counsel's tactical decisions may be deemed ineffective when they result in counsel's failure to present exculpatory evidence of which he is aware, including the failure to call witnesses whose testimony would support an otherwise uncorroborated defense.  
King
, 316 Ill. App. 3d at 913.

 In the amended petition the names of the two alibi witnesses, April Hendricks and Tamara Evans, were listed along with their statements that petitioner was with them at a family Labor Day picnic from September 1, 1995, through September 3, 1995, in Decatur, Illinois.

Specifically, April Hendricks stated in her affidavit that on September 1, 1995, she and petitioner, along with other individuals, were at a Labor Day picnic in Decatur, Illinois, and returned to Chicago on September 3, 1995.  When she heard that petitioner had been charged with a murder that occurred on September 2, 1995, she contacted his attorney and informed him that petitioner could not have committed the murder because he was with her, and the attorney told her that he would send someone out to talk to her before the trial. However, no one ever contacted her, and she was never called to testify.

Tamara Evans stated in her affidavit that she, petitioner and petitioner's brother drove down to Decatur, Illinois, on September 1, 1995, and returned on September 3, 1995.  She attended one of petitioner's court hearings and spoke with his attorney and informed him that petitioner was with her in Decatur from September 1
 to September 3
 in Decatur, Illinois, and that, therefore, he could not have committed the offense.  According to her affidavit, the attorney told her that he was "pretty sure that the charges against Jabari was [sic] going to be dropped and *** to be patient until the case began."  Ms. Evans further attested that the attorney wrote down her phone number and address and told her that if he needed her, he would give her a call; however, she never heard from him, and she never contacted him because she believed that he knew "what was best."

Additionally, in petitioner's affidavit he stated that he informed his attorney that he wanted to testify, to which his lawyer responded that he did not know at that point whether his testimony would be needed or not.  Petitioner, however, never testified at his trial.

Ultimately, the decision whether to testify belongs to the defendant.  
People v. Enis
, 194 Ill. 2d 361, 399 (2000).  It is generally recognized that a defendant's prerogative to testify is a fundamental right, which only the defendant may waive; whether to exercise that right is not one of those matters that is considered a strategic or tactical decision best left to trial counsel.  
Jones v. Barnes
, 463 U.S. 745, 751, 77 L. Ed. 2d 987, 993, 103 S. Ct. 3308, 3312 (1983).  

In 
People v. Dredge
, 148 Ill. App. 3d 911, 500 N.E.2d 445 (1986), the court observed that it is recognized that a criminal defendant's prerogative to testify at his or her trial is a fundamental right which only the defendant can waive.   In 
Dredge
, while the exact working of the petition is not set forth, the court stated that defendant alleged that his trial counsel was ineffective because, 
inter alia
, he "did not allow her to testify on her own behalf."  148 Ill. App. 3d at 912.  The 
Dredge
 court further observed:

"In determining the particularity with which a 
pro se
 petitioner for post-conviction relief must state alleged deprivations of constitutional rights in her petition, we note that such petitioners are often persons of limited education. [Citations.] Therefore, we conclude that in order to withstand dismissal at the first stage of post-conviction proceedings, a petition for post-conviction relief need only contain a simple statement which presents the gist of a claim for relief ***. Requiring 
pro se
 petitioners to state their claims in greater detail than this would have the practical effect of depriving many such persons of their right of meaningful access to the courts. [Citation.]" 
Dredge
, 148 Ill. App.3d at 913.

Acknowledging that the defendant's allegation of deprivation of the right to testify was conclusory and unsworn, the 
Dredge
 court observed that the petition was verified and held that that fact, coupled with the fact that defendant's allegation that she was deprived of her right to testify at her trial, is uncontradicted by anything appearing in the trial record, is sufficient to require the circuit court to appoint counsel to represent defendant and to proceed in accord with the Act. 
Dredge
, 148 Ill. App.3d at 913.

Similarly, in the case at bar, petitioner's affidavit was verified, and that verification coupled with his allegation that he informed his attorney he wanted to testify but was never allowed to is uncontradicted by anything appearing in the trial record.  Those facts are sufficient to require the circuit court to appoint counsel to represent petitioner and to proceed in accord with the Act.

In light of the exculpatory nature of the statements in Evans' and Hendricks' affidavits and defense counsel's failure to call them as witnesses, as well as the allegation that petitioner informed his attorney that he wanted to testify but was prevented from doing so, the amended petition, which was properly supported by affidavits, sufficiently raised the gist of a constitutional claim. We can think of no strategic reason why defense counsel would refuse to present this exculpatory evidence of which he was aware, or prevent petitioner from testifying in his own defense,  especially in light of the fact that this case was one of an uncorroborated defense.  The trial court made no allusion to this exculpatory evidence  because the record is clear that it was only considering the original petition, which was not accompanied by supporting affidavits, and not the amended petition.   

Given the rather unique circumstances of this case, we find that petitioner sufficiently preserved his rights under the Act when he filed the original petition with an explanation that he was doing so in order to meet the deadline and that an amended petition, which presumably was going to sufficiently raise the gist of a constitutional claim, would be forthcoming.  Whether the court implicitly denied the amended petition or simply refused to address it, as the State argues on appeal, we are unable to determine from the record.  Nonetheless, if the court, in fact, implicitly denied petitioner's request to amend or simply refused to address it, such denial or refusal was an abuse of its discretion, particularly in light of the fact that the amended petition raised the gist of a constitutional claim.

In dismissing the petition as being frivolous and patently without merit, the trial court stated that the two eyewitnesses at trial positively identified petitioner as the shooter. The implication of that statement is that the State had a very strong and solid case, so the testimony of petitioner or his alibi witnesses would not have changed the outcome.  However, the strength of the State's case at trial does not foreclose the question of whether there has been a substantial deprivation of a constitutional right.  It would be manifestly unfair to deny petitioner the opportunity to proceed further on his petition with respect to the claims that he was foreclosed by his attorney from presenting a defense through his alibi witnesses.  

We agree with the trial court's assessment that the petitioner's remaining claims, such as the evidentiary violation, are not cognizable under the Act.  The petition contains multiple allegations - some of which are frivolous or patently without merit and some of which are not. However, the  court does not have the authority under the Act to dismiss summarily the frivolous-or-patently-without-merit allegations and send whatever allegations remain to the second stage.  
People v. Rivera
, 198 Ill. 2d 364 (2001).  

In 
Rivera
, defendant filed a 
pro se
 petition for post-conviction relief alleging several allegations.  The circuit court dismissed two of the claims as frivolous or patently without merit and found that the other two claims stated the gist of a meritorious claim and appointed an attorney to represent defendant.  Our supreme court in 
River
a held:

"Clearly, the Act does not speak in terms of dismissing individual claims that are either frivolous or patently without merit; the statute speaks solely in terms of the petition itself being frivolous or patently without merit, and the Act mandates that if the petition is not dismissed under section 122-2.1, then the trial court shall order the petition docketed. *** Under the plain language of the Act, in cases such as this, the circuit court must docket the entire petition, appoint counsel, if the petitioner is so entitled, and continue the matter for further proceedings ***."  (Emphasis omitted.)  198 Ill. 2d at 371.

Upon remand, the circuit court is instructed to allow petitioner to file his amended petition and order it docketed  for further consideration in accordance with sections 122-4 through 122-6 of the Act.  725 ILCS 5/122-2.l(a)(b) (West 2000).

With respect to the issue regarding the constitutionality of Public Act 83-942, 
People v. Boclair
, 202 Ill. 2d 89 (2002), has resolved that issue and held that the Act does not violate the single subject rule. 

Based upon the foregoing analysis, the judgment of the circuit court is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded with directions.

HOFFMAN and WOLFSON, JJ., concur.