**The STATE of Ohio, Appellee,**

v.

**JACKSON, Appellant.**

[Cite as *State v. Jackson* (1997), 123 Ohio App.3d 22.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 96–L–124.

Decided Sept. 22, 1997.

*Charles E. Coulson*, Lake County Prosecuting Attorney, *Ariana E. Tarighati*, Chief Assistant Prosecuting Attorney, and *Taylir K. Linden*, Assistant Prosecuting Attorney, for appellee.

*R. Paul LaPlante*, Lake County Public Defender, and *Susan Grieshammer*, Assistant Public Defender, for appellant.

WILLIAM M. O'NEILL, Judge.

This is an accelerated calendar case submitted to this court on the briefs of the parties.

On February 12, 1996, appellant, Marcia A. Jackson, was indicted by the Lake County Grand Jury on one count of complicity to grand theft. On May 8, 1996, appellant pled guilty to the lessor included offense of complicity to theft. On June 5, 1996, appellant appeared before the court and was orally informed of her sentence by the trial judge. She was given a definite term of incarceration of one and one-half years, which was suspended. Additionally, she was placed on probation for a period of two years with the following conditions: (1) sixty days of house arrest, (2) submission to random drug screens, (3) no drug or alcohol involvement, (4) attendance at family counseling with her children, (5) maintain-

ing full employment, (6) obtaining her GED, (7) two hundred hours of volunteer labor, and (8) payment of court costs.

Upon leaving the courtroom on June 5, 1996, appellant was escorted to a drug test. Two days later, on June 7, 1996, the trial court's order sentencing appellant was actually filed. That same day the results of appellant's drug test administered on June 5, 1996, came back positive for marijuana. As a result, a warrant was issued for appellant's arrest and she was taken into custody.

On June 10, 1996, the state filed a motion to terminate probation based upon the positive results of the June 5, 1996 drug test. Additionally, on June 14, 1996, the state filed a motion to modify probation to address appellant's alleged drug problem. On June 24, 1996, the trial court vacated the original sentence and referred appellant to the Lake County Psychiatric Clinic for a drug and alcohol evaluation.

Appellant was resentenced on June 26, 1996. Appellant received a one-and-one-half-year definite term of incarceration, which was suspended. The conditions of her probation remained much the same except she was sentenced to serve seventy-five days of house arrest instead of sixty days, and there were three additional restrictions placed on her probation.

Appellant timely filed a notice of appeal with a single assignment of error. Appellant contends that the trial court erred when it vacated her original sentence and resentenced her with additional probation conditions. We agree.

Appellant asserts that the June 26, 1996 order of the trial court, wherein she was resentenced, violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Appellant relies on *State v. Fair* (June 13, 1990), Summit App. No. 14343, unreported, 1990 WL 80544, to support her position. The facts of *Fair* are very similar to those in the case *sub judice,* and we agree with the court's analysis. The court stated:

"The double jeopardy clause protects against additions to a sentence in a subsequent proceeding that upset the defendant's legitimate expectation of finality. Where the government has already imposed a criminal penalty against a defendant and seeks to impose additional punishment in a second proceeding, the double jeopardy clause protects against the possibility that the government is seeking the second punishment because it is dissatisfied with the sanction obtained in the first proceeding." (Citations omitted.) *Id.* at 2–3, 1990 WL 80544.

The court also held:

■ "Probation is a sentence releasing defendant into the community under the supervision of a probation officer. Black's Law Dictionary (5 Ed. Rev.1979) 605. An order suspending the imposition of sentence and placing the defendant on probation is a final order. R.C. 2951.10; *Cox v. Fogle* (1948), 84 Ohio App. 179 [39 O.O. 223, 82 N.E.2d 875]. Once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the general assembly. *State v. Addison* (1987), 40 Ohio App.3d 7, 9 [530 N.E.2d 1335, 1336–1338]. See, also, *State v. Vaughn* (1983), 10 Ohio App.3d 314 [10 OBR 520, 462 N.E.2d 444]." *Id.* at 5–6, 1990 WL 80544.

We disagree with the *Fair* court's statement which held that probation is a sentence. While probation is now a sentence in Ohio since the July 1996 enactment of the sentencing guidelines, prior to that time, probation was a condition of suspension. However, that does not affect the validity of the remainder of *Fair.* Based on the foregoing analysis, the appellate court reversed the trial court's decision.

In the instant cause, appellant's right to expect finality of judgment precluded the trial court from imposing a new sentence that included additional probation restrictions and a longer period of house arrest. It is well established in Ohio that once a sentence is journalized, the trial court is limited in its ability to modify the sentence to those instances in which statutory authority exists. See *State v. Smith* (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, 199–200.

■ The state argues that the basis for allowing the trial court to modify appellant's sentence was appellant's violation of her probation in the form of a positive drug test. It is clear, however, that the drugs detected in appellant's system during the drug test of June 5, 1996, had to be present *before* the time the trial judge pronounced her sentence, as appellant was presumably in custody at all relevant times. Moreover, appellant's sentence did not become effective until it was journalized on June 7, 1996, two days *after* the drug test was administered. See Crim.R. 32(B), which states that "[a] judgment is effective only when entered on the journal by the clerk." A mere oral pronouncement of the court is not a judgment. *Barnes v. Barnes* (June 27, 1986), Portage App. No. 1607, unreported, at 3, 1986 WL 7287, citing *Eldridge & Higgins Co. v. Barrere* (1906), 74 Ohio St. 389, 78 N.E. 516. Accordingly, there was no statutory authority to modify appellant's sentence, as a probation violation was a physical impossibility at the time the prohibited conduct occurred. This was in effect an *ex post facto* action, as appellant was being punished for the act which had not yet been prohibited by the court.

Thus, the trial court exceeded its authority by vacating appellant's original sentence and resentencing her with more restrictive probation conditions. As a

result, the decision of the trial court must be reversed and appellant's original sentence be reinstated.

Appellant's sole assignment of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded to the trial court to reinstate appellant's original sentence. Costs are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.