OPINION
This is an appeal from the Mentor Municipal Court. Appellant, Matthew S. Molk, appeals his conviction for failing to properly dispose of items and improper maintenance of exterior property areas.
On September 1, 1998, appellant was charged with one count of failing to properly dispose of items, in violation of the Mentor Code of Ordinances § 96.51, a misdemeanor of the third degree; one count of improper maintenance of exterior property areas, in violation of the Mentor Code of Ordinances § 96.61, a misdemeanor of the third degree; and two counts of vehicles in a residential district, in violation of the Mentor Code of Ordinances § 150.244(J)(1) and § 150.244(F)(2), misdemeanors of the third degree. On September 9, 1998, at the initial appearance, appellant entered a plea of not guilty to the charges and bail was set in the amount of $500. On that same date, appellant also waived his right to a speedy trial.
On October 5, 1998, appellant filed a motion for a bill of particulars requesting appellee, the city of Mentor, set forth the nature of the offense for which he was charged pursuant to Crim.R. 7(E). On that same date, he submitted a motion for discovery and a motion for change of venue. On November 5, 1998, appellant filed a motion for a continuance and a motion to compel because the prosecutor failed to provide him with a bill of particulars. The trial court set his motion for continuance for hearing prior to the bench trial that was to take place on November 9, 1998.
At the hearing on appellant's motion for continuance, the trial court asked appellant what discovery he received from the prosecutor. Appellant responded that he had acquired "some photographs taken many months ago and the notice that Mr. [Robert] Riepenhoff [was] going to be testifying."[1] The prosecutor then spoke and stated that he was not sure what appellant did not understand about the complaint. Specifically, the charge was failing to properly dispose of items and appellant did not "dispose of refuse in a safe and sanitary manner." The prosecutor further explained that in regards to the improper maintenance of exterior property areas, appellant was provided copies of photographs. Finally, referencing the two counts of vehicles in a residential district and dealing with parking surfaces, the prosecutor indicated that appellant "[did] not have a surface which [was] very [sic] asphalt, concrete or four-inch crushed stone." Additionally, the prosecutor stated that he was not sure whether the vehicles were licensed. Nonetheless, the trial court then overruled appellant's motion for continuance.
Thereafter, appellee made an oral motion to amend the complaint to read May 29, 1998, which the trial court granted.[2] The trial judge asked appellant if he objected to the amendment and he stated that "if [appellee] can proceed without notifications by amending his complaint * * * [he] would highly object." Further, he explained that the conditions in the photograph did not exist on August 18, 1998. However, the prosecutor related that the charges against appellant would have been dismissed if he had been in compliance with the city of Mentor Ordinances, but he has not allowed appellee on his property to resolve the matter.
Appellee called Robert Riepenhoff ("Riepenhoff"), a city of Mentor code enforcement officer, to the stand. He related that on May 29, 1998, he viewed appellant's property after he received a complaint that there were unlicensed vehicles, trailers, debris, rubbish, and refuse on it. When he arrived at appellant's property he saw all of the items complained of and proceeded to take photographs. Riepenhoff stated that on June 5, 1998, he sent appellant a violation notice via certified mail, but it was returned unclaimed on June 22, 1998. So, Riepenhoff sent the notice out on June 30, 1998, by regular mail. After receiving no communication from appellant, on July 22, 1998, he sent a letter to appellant requesting that he be allowed to re-inspect the property for compliance. Again, there was no response from appellant. The trial judge took judicial notice of the fact that in the notice violation section of the code, there was no requirement that a violator submit to a re-inspection.
At the conclusion of appellees' case, appellant made a motion for a directed verdict because he claimed that the notice was defective. The trial court overruled the motion. Furthermore, exhibits one through eleven, the photographs of appellant's property, were admitted without objection.
Appellant called his son, Mark Molk ("Mark"), to testify, who stated that appellee's exhibits, the photographs, did not depict the current condition of the property. When the prosecutor asked Mark if his father had notified appellee to look at the property again, he replied, "[n]ot to [his] knowledge." After Mark's testimony, appellant objected to not receiving the bill of particulars. However, the trial court noted the objection and explained that it did not understand how appellant was prejudiced. Additionally, appellant's other son, Scott Molk, and appellant testified that appellee's exhibits did not depict appellant's property as it appeared in its present condition.
Before the trial court made its decision, it offered appellant an opportunity to allow appellee to re-inspect his property to see if it had been cleaned up. However, appellant did not want appellee on his property because he claimed that appellee had "gone on witch hunts * * *." Appellant also stated that he was disappointed that he did not receive the bill of particulars. However, the prosecutor mentioned that after he submitted responses to appellant's discovery, he requested his own discovery from appellant, but was not provided with any information, including whom appellant's witnesses were going to be. The trial court again overruled appellant's motion.
Thereafter, on November 10, 1998, the trial court issued a judgment entry. In the entry, the trial court determined that appellant suffered no prejudice by appellee failing to file the bill of particulars. Moreover, the trial judge noted that appellant's entire defense was that the alleged violations did not exist at the time of the trial instead of on May 29, 1998. Nevertheless, the trial court found appellant guilty of failing to properly dispose of items as required by Mentor Code of Ordinances § 96.51, and failing to maintain his property, in violation of the Mentor Code of Ordinances § 96.61. However, the trial court did not find appellant guilty of the two counts of vehicles in a residential district, in violation of the Mentor Code of Ordinances § 150.244(J)(1) and § 150.244(F)(2). Appellant received a sentence of three days in jail and a fine of $1,000, but if appellant corrected the violations within thirty days, the sentence and $500 of the fine would be suspended. Appellant timely filed the instant appeal and now asserts the following assignments of error:
 "[1.] The trial court erred by failing to require [appellee] to provide a bill of particulars as requested by motion of [appellant].
 "[2.] The trial court erred in finding [appellant] guilty of charges when [appellee] failed to provide evidence that [appellant] was given the statutorily required notice of the offenses charge [sic] pursuant to the Mentor Code of Ordinances.
 "[3.] The trial court erred in finding appellant guilty when appellant's conviction is not supported by evidence and is against the manifest weight of the evidence."
Preliminarily, we note that the trial court's imposition of the jail sentence was purely criminal in nature and not a contempt exercise. In a contempt case, a conditional order by a trial court allowing for purging would not be a final appealable order.Concord Twp. Trustees v. Hazelwood Builders, Inc. (Dec. 4, 1998), Lake App. No. 98-L-176, unreported, at 2-3.
In the instant case, appellant was sentenced to three days in jail and a fine of $1,000. The entire jail sentence and $500 of the fine was suspended provided that appellant corrected the violations within thirty days. This type of sentence in a criminal case is permitted by statute in Ohio, R.C. 2951.10, and is also deemed to be a final appealable order. State v. Jackson (1997),123 Ohio App.3d 22, 25.
Moreover, we also note that this court would affirm the trial court's judgment since the transcript of the proceedings was not properly filed and entered into the record. Instead, it was incorrectly attached to appellant's brief. Consequently, appellant cannot demonstrate his claimed error. Nevertheless, since appellee did not raise this argument, in the interests of justice, we will address appellant's assignments of error.
In his first assignment of error, appellant contends that the trial court erred by not requiring the prosecution to supply him with a bill of particulars.[3]
Crim.R. 7(E) provides that the state furnish a defendant with a bill of particulars when properly requested. Crim.R. 7(E) requires that the request be made within twenty-one days of arraignment or upon order of court. Further, the purpose of the bill of particulars is to elucidate or to particularize the accused's conduct that allegedly constitutes the offense. State v. Sellards (1985),17 Ohio St.3d 169, 171.
The prosecution avers that it responded to the motion by providing appellant with his requested discovery, which included copies of its photographs and the identity of its witness. The record also indicates that appellant was supplied with adequate and specific details concerning the charges against him, and hence, suffered no prejudice by appellee's failure to submit an express bill of particulars.
This court has opined that Crim. R. 7(E) provides that "a criminal defendant is entitled to a bill of particulars * * * `when the charge contained in the complaint, indictment or information is indefinite or vague and does not fully inform him of the offense with which he is charged.'" State v. Brown (1993),90 Ohio App.3d 674, 681 quoting Dayton v. Pate (Mar. 22, 1984), Montgomery App. No. 8372, unreported, at 10, 1984 WL 4420.
In Brown, this court did not find error when the prosecution failed to provide the appellant with a bill of particulars, as the indictment provided the appellant with all of the pertinent information, properly advising her "as to the time, place, nature, and substance of the harm allegedly inflicted upon the claimed victims." Id. at 682. Furthermore, it is evident that the appellant was aware of the "nature of the offense charged and of the conduct * * * alleged to constitute the offense." Crim.R. 7(E).
In the case at bar, appellant had four complaints filed against him. Each one set forth the statutory sections under which appellant was charged, included the dates, and fully informed him of the offenses with which he was charged. In addition, appellant did not make a timely request pursuant to Crim.R. 7(E), within twenty-one days of the initial appearance. Therefore, it is our view that appellant was not prejudiced by the prosecution's failure to provide him with a bill of particulars. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant maintains that trial court erred in finding him guilty of the charges when appellee failed to provide evidence that he was given the statutorily required notice of the offenses charged.
Mentor Code of Ordinances § 96.73 states that:
 "Where a violation of this code is found to exist, a written notice from the responsible official shall be served upon the person or persons responsible for the correction thereof. Said notice shall specify the violation or violations committed, what must be done to correct same and a reasonable period of time to correct or abate said violation.
 "Service of said notice shall be by certified mail addressed to the owner and/or occupant at his residence or to the tax mailing address as indicated by the records of the Lake County Treasurer, or by delivery to said individuals at the premises. If the certified receipt is unclaimed or refused, said notice may be served by regular U.S. mail to the owner and/or occupant. In the event no tax mailing address exists, notice shall be considered served by publication of a notice in a newspaper of general circulation."
In the instant matter, Riepenhoff testified that pursuant to the code, he sent a notice to appellant on June 5, 1998, via certified mail, but it was returned unclaimed on June 22, 1998. Thereafter, on June 30, 1998, he sent the notice by regular mail. Thus, it is our determination the notice appellant was given complied with § 96.73 of the Mentor Code of Ordinances.
Moreover, appellant argues that he was not given an adequate opportunity to correct the violations. Yet, according to Riepenhoff, the notice sent to appellant on June 30, 1998, gave him ten days to correct the violations. Appellee received no communication from appellant and mailed another letter to him on July 22, 1998, requesting a re-inspection of the property. However, appellant disallowed appellee to re-inspect the property. Subsequently, a complaint was filed against appellant. At the trial, the judge informed appellant that if appellee were permitted to inspect appellant's property, the charges would be dismissed. However, appellant refused to allow a re-inspection. Hence, we conclude that appellant was given adequate notice pursuant to § 96.73 of the Mentor Code of Ordinances and that he had a reasonable amount of time to correct the violation. Appellant's second assignment of error lacks merit.
In his third assignment of error, appellant claims that his conviction was not supported by the evidence and was against the manifest weight of the evidence.
In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 10, we held:
 "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 "`"(* * *) (T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. * * *."'"
In addition, a judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
In Schlee, supra, unreported, at 11, we also stated:
 "`[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' (Citations omitted.) (Emphasis added.) * * *."
In the case sub judice, appellee presented the testimony of Riepenhoff and eleven photographs. His testimony, along with the pictures, revealed that he went to appellant's property after he received a complaint that there were unlicensed vehicles, trailers, debris, rubbish, and refuse on it. When Riepenhoff viewed the premises, he saw all of the things complained of and proceeded to send a notice violation. Thus, Riepenhoff's testimony established that appellant committed the violations for which he was convicted; namely, failing to properly dispose of items and improperly maintaining the exterior property areas. It is our view that there was sufficient evidence upon which to convict appellant. Accordingly, the trial court did not create a manifest miscarriage of justice. Appellant's third assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Mentor Municipal Court is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] The photographs were taken on May 29, 1998.
[2] Originally, the complaints listed the date as "on or about August 18, 1998."
[3] In his brief, appellant claims that the indictment was indefinite, vague and overly broad. However, since the argument was not raised in the trial court, it is waived for purposes of this appeal.