OPINION
Defendant-appellant Arthur W. Christian appeals from an order of the Champaign County Common Pleas Court revoking his probation and imposing a sentence of eighteen months. Christian contends that the trial court violated his Fourteenth Amendment due process rights by revoking his probation based on its consideration of a urinalysis result indicating cocaine use, because he had no opportunity to confront or cross-examine anyone from the laboratory regarding testing procedures. Additionally, he argues that the court's sentence, which was six months longer than his original one, violates his constitutional rights against double jeopardy and cruel and unusual punishment.
We hold that any error committed by the trial court's consideration of Christian's urinalysis results was harmless, because the record provided an independent basis for revocation. We further hold that the court acted within its discretion by sentencing Christian to a greater term of incarceration than that originally imposed at the time of his conviction. Neither his right against double jeopardy or his right against cruel and unusual punishment was violated by this decision because the sentence was one that could have been imposed originally.
Accordingly, the judgment of the trial court is Affirmed.
 I
Christian pled guilty to one count of Passing Bad Checks in 1996. Prior to sentencing, he was informed of the possible maximum sentences of twelve, eighteen, or twenty-four months. Christian was then fined $50, and sentenced to a one-year term at the Ohio Department of Corrections. Execution of that sentence was suspended, and he was placed on probation for three years. Under one of the terms of his probation, he agreed to use no non-prescription narcotic drug or controlled substance. In 1997, and again in 1998, he violated his probation requirements by using cocaine, failing to successfully complete a drug counseling program, operating a motor vehicle while under the influence of cocaine and alcohol and while under Financial Responsibility Act suspension, and ignoring his duty to report any contact with law enforcement officers to his parole officer. Instead of revoking Christian's probation, the court ordered him to complete drug counseling while extending his probation for an additional two-year period. In 1999, Christian committed another probation violation and the court advised him that if he violated the terms once more his probation would be revoked.
Christian was brought to court for a probation violation in August 2000, after he tested positive for cocaine use. A revocation hearing was held, and the trial court revoked his probation and imposed an eighteen-month sentence.
From that revocation and sentence, Christian appeals.
 II
Christian's first assignment of error claims:
 THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION WHERE THE PROBATION REVOCATION HEARING CONDUCTED VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
We note at the outset that a revocation of probation is appropriate when the State presents evidence of a substantial nature supporting revocation.[1] Absent an abuse of discretion, which occurs when the court's decision is arbitrary, unreasonable, or unconscionable, a court's decision to revoke probation will not be reversed.[2]
Christian alleges that his parole was revoked based on the trial court's erroneous reliance on a urinalysis that tested positive for cocaine. He contends that he was denied his right to confront and cross-examine a representative of the testing laboratory regarding the testing procedures utilized, in violation of his Fourteenth Amendment due process rights. He argues that he has previously tested falsely positive for cocaine use, and the lack of procedural safeguards relating to the urinalysis resulting in his probation revocation undermines the potential accuracy of the test.
In response, plaintiff-appellee the State of Ohio claims that Christian received due process, because the probation officer, Herb Nicholson, who filed the charges in this case, and who conducted an initial Rapid Drug Screen, which also tested positive for cocaine use, is the one who testified at the hearing. Furthermore, Christian's counsel failed to request a witness from the laboratory at the hearing, or an additional hearing after receipt of the results. Finally, the State suggests that even without a positive urinalysis result the court had an independent basis to revoke Christian's parole, because he admitted using cocaine to Nicholson after the initial drug screening tested positive for drug use.
After reviewing the record, we find nothing arbitrary or unreasonable about the trial court's decision. Even assuming Christian's due process rights were violated, reliance on improperly admitted evidence is harmless when other evidence supports the judgment.[3] A violation of a probationer's right to confront a witness is harmless when he admits that he violated a term of probation.[4]
At the revocation hearing, Nicholson testified that an initial test of Christian's urine indicated cocaine use. According to Nicholson, once he was confronted with the initial test result, Christian admitted to his use of cocaine on August 12, 2000. Christian contradicted Nicholson in this regard, testifying that he had merely acknowledged a relapse regarding alcohol use. The trial court expressly found against Christian on this point. The trial court was in the best position to decide which witness was worthy of belief and the weight to give that testimony.[5]
The court was well within its discretion when it decided Nicholson was more credible and gave his testimony greater weight than Christian's testimony based on the "highly suspect" nature of Christian's credibility and the court's belief that there was "evidence to support [Christian's] admission to the probation officer, which admission [he now] denies." Given the state of evidence before the trial court, we conclude the court did not abuse its discretion by revoking Christian's parole based on his admission to Nicholson, after an initial test indicated drug use, that he used cocaine on August 12, 2000, regardless of a later urinalysis result.
Christian's first assignment of error is overruled.
 III
In his second assignment of error, Christian argues:
 THE TRIAL COURT ERRED IN RESENTENCING THE APPELLANT FOLLOWING THE REVOCATION OF PROBATION TO A TERM OF INCARCERATION IN EXCESS OF THE ORIGINAL SENTENCE.
In this assignment of error, Christian raises two arguments. First, he claims the court's decision to sentence him to eighteen months, instead of the one-year sentence previously imposed, violates the Double Jeopardy clause of the Fifth Amendment to the United States Constitution. Alternatively, Christian argues the increased sentence encroaches upon the Eighth Amendment's prohibition against cruel and unusual punishment.
We disagree.
Christian was originally sentenced to a one-year jail term for passing a bad check. The offense was a third-degree felony, since he had previously been convicted of two or more theft offenses. The possible sentences for this offense ranged from twelve to twenty-four months.[6]
R.C. 2951.09 allows a judge to terminate probation and impose any sentence which might have been imposed when a probationer violates the terms of his probation. In State v. McMullen, the Ohio Supreme Court explained:
 By placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law.
 We hold, therefore, that a judge possesses the discretion to impose a longer sentence after revocation of a defendant's probation, within the purview of R.C. 2951.09, without violating the defendant's constitutional right against double jeopardy.[7]
(Emphasis added.)
Christian's reliance on State v. Jackson (1997), 123 Ohio App.3d 22,702 N.E.2d 1229, is misplaced. Jackson stands for the proposition that an individual's right against double jeopardy is violated when the court, without statutory authority, imposes a longer sentence for a parole violation committed prior to the court's journalization of the terms of the individual's probation. Unlike Jackson, however, Christian committed a probation violation years after the court's journal entry setting forth the terms of his probation.
Likewise, we do not consider a sentence cruel and unusual when it is authorized by a valid statute.[8] Furthermore, it is hard to see how the trial court's repeated willingness in this case to go the extra mile with Christian before imposing a longer sentence than his original one can be deemed to constitute cruel and unusual punishment, rather than an attempt at leniency.[9]
The trial court sentenced Christian to an eighteen-month term, which, although six months longer than his original twelve-month sentence, was not even the maximum term that could have been imposed pursuant to R.C.2929.11 and 2951.09. This new sentence, even though it exceeds his original one, violates neither Christian's right against double jeopardy nor his right against cruel and unusual punishment, since it is a sentence that could have been imposed originally.
Christian's second assignment of error is overruled.
 IV
Both of Christian's assignments of errors having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, J.J., concur.
[1] State v. Jones (Mar. 31, 2000), Miami App. No. 99 CA 38, unreported, at 3.
[2] Id. (internal citations omitted).
[3] State v. Williams (1988), 38 Ohio St.3d 346, 349, 528 N.E.2d 910,916. ("`Where constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt.'").
[4] State v. Stowers (Jan. 31, 1985), Cuyahoga App. Nos. 48572, 48575, 48576, 48577, 48578, 48584, 48590, 48872, 48873, unreported, at 4.
[5] State v. Buxton (Apr. 16, 1999), Montgomery App. No. 17279, unreported, at 3, citing State v. Brewer (Apr. 18, 1997), Montgomery App. No. 15157, unreported.
[6] R.C. 2929.11.
[7] State v. McMullen (1983), 6 Ohio St.3d 244, 452 N.E.2d 1292,1294-95.
[8] McDough v. Maxwell (1964), 1 Ohio St.2d 68, 69, 203 N.E.2d 334,336.
[9] Cf. Carter v. California Adult Auth. (C.A. 9, 1970), 433 F.2d 978
(prisoner's increased sentence after parole violation did not violate his constitutional right against cruel and unusual punishment).