JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Yashea Black appeals from the order of sentence originally imposed by the Cleveland Municipal Court after appellant entered a plea of no contest to a charge of soliciting in violation of Cleveland Codified Ordinance 619.09. The municipal court imposed the original sentence after it found for the second time that appellant had violated the conditions of her probation.
 {¶ 2} Appellant claims the sentence must be vacated for two reasons. She argues the municipal court failed to consider statutory requirements in imposing sentence and the sentence violates her right to equal protection of the law.
 {¶ 3} A review of the record, however, reveals appellant's arguments are untimely presented. This court lacks jurisdiction to consider appellant's appeal; consequently, it is dismissed.
 {¶ 4} Appellant received a citation for soliciting on June 6, 2002. On September 18, 2002 the municipal court called her case for trial. With her attorney present, appellant at that time withdrew her plea of not guilty to the charge and entered a plea of no contest, with consent to a finding of guilt.
After some discussion about appellant's other criminal cases and her efforts to deal with her drug and parenting problems, the municipal court pronounced sentence. Appellant was ordered to pay a fine of $1000 and to serve a sentence of 180 days in jail. The court suspended $800 of the fine and all of the sentence and placed appellant on one year of active, conditional probation.
 {¶ 5} On November 12, 2002, following a scheduled hearing on the matter, the municipal court found appellant to be in violation of the conditions of her probation. Nevertheless, the court ordered appellant's probation continued.
 {¶ 6} On December 23, 2002 the municipal court issued a capias for appellant's detention when she failed to attend an appointment with her probation officer. After appellant was located, her case was set for a second probation violation hearing.
 {¶ 7} On January 29, 2003 the municipal court found appellant to be in violation of her probation. The court ordered into execution appellant's original sentence of 180 days in jail.
 {¶ 8} Appellant filed a timely notice of appeal from the foregoing order. Her efforts to obtain a stay of the order were unsuccessful; therefore, appellant has not served her sentence voluntarily and this appeal cannot be considered moot. Cf., Cleveland v. Oudeh (Nov. 3, 1994), Cuyahoga App. No. 66174.
 {¶ 9} Nevertheless, appellant's appeal cannot be considered since it is untimely.
 {¶ 10} Appellant's assignments of error, along with her "amended notices of appeal," challenge the original order of sentence as follows:
"I. The sentence of the trial court was contrary to law and unreasonable in violation of R.C. 2929.22.
 {¶ 11} "II. The sentence of the trial court was unconstitutional, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution."
 {¶ 12} Appellant filed neither a notice of appeal from the original order of sentence within the 30-day jurisdictional requirement set forth in App.R. 4(A), nor a motion for a delayed appeal pursuant to App.R. 5(A). Without a timely notice of appeal from the order challenged, this court lacks jurisdiction to consider it. State v. Slagle, Union App. No. 14-02-08, 2002-Ohio-6616; State v. Starcic (June 4, 1998), Cuyahoga App. No. 72742; State v. Roark (Dec. 4, 1990), Adams App. No. 502, citing In re Copley (1972), 29 Ohio St.2d 35.
 {¶ 13} Since the original order of sentence was a final appealable order, and appellant failed to appeal that order, this court cannot consider appellant's assignments of error. Id.; State v. Leaks (Oct. 18, 2001), Cuyahoga App. No. 78801; State v. Jackson (1997),123 Ohio App.3d 22; cf., Village of Swanton v. Barker (Oct. 20, 2000), Fulton App. No. F-00-003; State v. Nickerson (June 12, 1997), Cuyahoga App. No. 70910; State v. Calvert (Mar. 4, 1993), Cuyahoga App. No. 66416.
 {¶ 14} Accordingly, appellant's appeal is dismissed.
ANN DYKE, J. and ANTHONY O. CALABRESE, JR., J. CONCUR